170 So. 59

## UNITED STATES FIDELITY & GUARANTY CO. v. HEARN et al.

### 8 Div. 730.

Supreme Court of Alabama.

June 11, 1936.

Rehearing Denied Oct. 8, 1936.

Coleman, Spain, Stewart & Davies, of Birmingham, and Andrews & Almon, of Sheffield, for appellant.

32

Horace C. Wilkinson, of Birmingham, and Henry D. Jones, of Florence, for appellees.

THOMAS, Justice.

The bill was by the surety company and ·sought to be maintained under the recent Declaratory Judgment Act. Gen.Acts 1935, pp. 777–779.

The bill as amended was challenged by demurrer, and the application for temporary injunction was heard on affidavits and oral testimony. The decree denied injunctive aid to prevent the hearing of suits at law; demurrer was sustained, and the bill was dismissed.

An object of the amended bill was to obtain.an adjudication of appellant's liability to defend the several pending suits against McCoy Hearn, as owner and driver of an automobile, for personal injuries, by collision, to guests or passengers for hire who were with him in the car. The bill. further sought adjudication of appellant's liability under its group policy of insurance (exhibited) issued to the Birmingham News Company by whom Hearn was employed.

The statute, among other things, contained the following:

"All persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. * * *

"This act is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respects to rights, status, and other legal relations; and is to be liberally construed and administered. * * *

"This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it, and to harmonize, as far as possible, with federal laws and regulations on the subject of declaratory judgments and decrees." Gen.Acts 1935, p. 779, §§ 11, 12 and 15.

This act was recently construed in Jefferson County v. Johnson, 232 Ala. 406, 168 So. 450.

■ The general authorities are to the effect that an action may be brought by a liability insurer, under the declaratory judgment statute, against the insured and other parties who are suing the insured to recover for personal injuries or death, to have the court declare the liability vel non of the liability insurer to defend said pending suits. American Motorists' Ins. Co. v. Central Garage, 86 N.H. 362, 169 A. 121; Post et al. v. Metropolitan Casualty Ins. Co., 227 App.Div. 156, 237 N.Y.S. 64; Sauriolle, Adm'r v. O'Gorman, etc., 86 N.H. 39, 163 A. 717, 723; Malley v. American Indemnity

Corporation, 297 Pa. 216, 146 A. 571, 81 A. L.R. 1322; Utica Mut. Ins. Co. v. Glennie et al., 132 Misc. 899, 230 N.Y.S. 673; Ohio Casualty Ins. Co. v. Plummer (D.C.Tex.) 13 F.Supp. 169; Borchard on Declaratory Judgments, pp. 492–497.

■ The question whether appellant was or was not bound to defend the suit is an important preliminary determination, and held to fall within the beneficent provisions of such a statute. Sauriolle, Adm'r, v. O'Gorman, etc.; American Motorists' Ins. Co. v. Central Garage, supra. The applicable policy provision is: "To defend in his name and behalf any suit against the Assured seeking damages on account of such Bodily Injury or Property Damage, even if such suit is groundless, false or fraudulent."

We are of the opinion, and so hold, that the bill as amended presented a justiciable question, as defined by this court in Jefferson County v. Johnson, supra; an actual existing controversy within the jurisdiction of the court, between the parties to such controversy and within the meaning of our act approved September 7, 1935. Gen.Acts 1935, pp. 777–779; Borchard on Declaratory Judgments (1934) p. 35; Sullivan & Sons Mfg. Co. et al. v. Ideal Building & Loan Ass'n, 313 Pa. 407, 170 A. 263, 98 A.L. R. 1.

It is not necessary, at this time, that we make other pronouncements than that the temporary injunction should have been granted to preserve the status quo. Such order will be made on a renewed application to the trial court.

The decree of the trial court is reversed, and the cause is remanded for a trial in this case of the facts of the respective liabilities vel non.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, BOULDIN, BROWN, and FOSTER, JJ., concur.

KNIGHT, J., dissents.

## On Rehearing.

THOMAS, Justice.

In view of another trial, it may be observed that there are exhaustive briefs on both sides on the question whether or not, at the time of the accident, the automobile in which the injured parties were riding was being used for carrying passengers for a consideration, or was rented to others,

or used for livery purposes, within the excluded obligations of the policy.

The pertinent provisions of the policy are: "This policy shall exclude any obligation of the company" under the contract agreements "while any disclosed automobile is being rented to others or used for livery purposes or for carrying passengers for a consideration." If any of these material alternatives or conditions existed within the meaning of the contracting parties, at the time of the injury, then liability or indemnity therefor is not within the coverage of the policy issued by complainant.

The rule of a strict construction, and that obtaining as to ambiguous provisions in such policies, are well understood or declared in this jurisdiction (Equitable Accident Insurance Co. v. Osborn, 90 Ala. 201, 9 So. 869, 13 -L.R.A. 267; Illinois Automobile Ins. Exch. v. Southern Motor Sales Co., 207 Ala. 265, 92 So. 429, 24 A.L.R. 734; Gilliland v. Order of Ry. Conductors of America, 216 Ala. 13, 112 So. 225; Inter-Ocean Casualty Co. v. Foster, 226 Ala. 348, 147 So. 127); and the rule of a strict construction applied in this case.

The word "used," considered as to facts falling within a statute in Ex parte Smith (Smith v. State), 212 Ala. 262, 102 So. 122, affords a slight analogy for the determination of the material question presented.

In Armistead v. Lenkeit et al., 230 Ala. 155, 157, 160 So. 257, 259, this court, in dealing with a common enterprise and liability required of a common carrier of passengers for hire, says: "Obviously, an arrangement by which the car owner agrees in advance to transport another on a trip, which both wish to take, each contributing thereto, one by furnishing the car and driving it, and the other furnishing gas and oil, does not impose on the driver the degree of care required of a common carrier of passengers. Neither does it impose the same obligations as a private carrier for hire, save in so far as like duties arise from the intendments of the relation." This is contrary to the Virginia rule cited by appellant: Cartos v. Hartford Accident & Indemnity Co., 160 Va. 505, 169 S.E. 594, 597; Sleeper et al. v. Massachusetts Bonding & Ins. Co., 283 Mass. 511, 186 N.E. 778; 81 I.L.J. 1139.

In Gross et al. v. Kubel et al., 315 Pa. 396, 172 A. 649, 95 A.L.R. 146, also cited by appellant, the arrangement for compensation under which the car was being used at the time of the accident amounted to, not only reimbursement for gas and oil, but ad-

ditional compensation for the use of the car. This is not the effect, however, of a co-operative enterprise for conveyance, where parts of the contribution to the expense of ways and means were made by some of the parties to the joint or co-operative enterprise in money and part by another in the form of his car and personal services in its operation to the others. The expression "joint adventure" has often been defined by this court, rendering it unnecessary to again set forth its meaning; so, also, of the duty of drivers to guests or passengers in a car where that relation exists. Whiddon v. Malone, 220 Ala. 220, 124 So. 516; Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610; Van Heuvel v. Roberts, 221 Ala. 83, 127 So. 506; Lunsford et al. v. Shannon, 208 Ala. 409, 94 So. 571; Bentley-Beale, Inc., v. Wesson Oil & Snowdrift Sales Co., 231 Ala. 562, 165 So. 830.

If it be said that Hearn's living expenses on the trip were to be paid from the moneys jointly contributed by the co-operating companions or coadventuring parties, it is obvious that all the parties thereto agreed and intended that Hearn's contribution to the joint enterprise was his car and his personal services, and that this would equal the amount of money and services to be contributed by the other joint adventurers. And the payment of Hearn's living expenses on the trip, if made, was an incident and not a consideration of the carriage, and required equal contributions to be made on the part of others. The same may be said of the respective contributions of personal services in driving.

We find no case exactly like this. Each enterprise or adventure is to be judged on its particular facts.

When McCoy Hearn and his companions left Alabama for Rose Bowl to see the football game, all the parties who went were engaged in a common enterprise or joint adventure for pleasure, and to that end the automobile was being used at the time of the injury. That is, as the case stands, the automobile was not shown to be used at the time in question within the reservations or exclusions of obligation of the company which we have set out above.

The foregoing is not intended to foreclose either of the parties on any question of fact and liability thereon. That is, the construction of the policy is based upon the averments of the bill and not upon the affidavits.

The application for rehearing is overruled.

All the Justices concur in what is declared on rehearing.