36 So.2d 75

**STATE FARM MUT. AUTOMOBILE INS. CO. v. CARDWELL et al.**

**6 Div. 741.**

Supreme Court of Alabama.
June 10, 1948.

Jackson, Rives and Pettus, of Birmingham, for appellant.

Lange, Simpson, Robinson and Somerville, of Birmingham, for appellee Cardwell.

Counsel concur in and adopt the brief for appellant.

Martin, Turner & McWhorter and J. C. Blakey, all of Birmingham, for appellee McClendon.

**GARDNER, Chief Justice.**

The appeal is from a decree dissolving a temporary injunction theretofore issued on the ex parte application of the State Farm Mutual Automobile Insurance Company.

The insurance company filed a bill in this cause under our Declaratory Judgment Statute, Title 7, §§ 156–168, and made parties defendant thereto one Cardwell and LaVerne Styles McClendon, as Administratrix of the estate of Earl J. McClendon, deceased. The administratrix, on April 26, 1947, had brought suit in the Circuit Court of Jefferson County against Cardwell, claiming recovery of damages for the death of plaintiff's intestate Earl J. McClendon, who was injured on the night of November 30, 1946, in an automobile accident which resulted in his death the following day. At the time of the accident the car was being driven by Cardwell, decedent being in his employ at the time at Siluria, the accident occurring some 8 miles from the city of Birmingham, the city in which both Cardwell and Earl J. McClendon resided. After having been once continued, the law suit against Cardwell was set for trial March 8, 1948, when on March 4, 1948, the insurance company (appellant here) instituted this suit under our Declaratory Judgment Statute, and sought and was granted the temporary writ of injunction against the further prosecution of the law suit until the matter of the declaratory judgment litigation was first determined. The motion of the administratrix to dissolve the temporary restraining order from which this appeal is taken was rested both upon the lack of equity in the bill as to the administratrix, upon the theory there was no controversy between such administratrix and the insurance company; and, also, upon the allegations of the full and complete answer filed in the cause, which set up by way of defense the theory of laches, that is, that the complainant had waited too long, and to the great prejudice

of the administratrix in filing this particular litigation.

Upon the question of lack of equity in the bill, we are persuaded this matter is foreclosed by former decisions of this court, reinforced by a comparatively recent ruling of the Supreme Court of the United States. First, in 1936, United States Fidelity & Guaranty Co. v. Hearn, 233 Ala. 31, 170 So. 59, the holding was that the insurance company could maintain such a suit and that the plaintiff in the law action was a proper party thereto. In the second suit, decided in 1938, the positions of the parties were reversed, but the reasoning and conclusion of the court was the same as that in the former decision. American Mut. Liability Ins. Co. v. Agricola Furnace Co., 236 Ala. 535, 183 So. 677. The case from the U. S. Supreme Court is that of Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826, which is in entire harmony with the two decisions above noted.

The insurance company filed this bill seeking a declaratory judgment that there was no liability of the company to Cardwell, the insured, nor was there liability for the company to defend the suit. The issue, as presented by the bill, is that provision in the policy to the effect that it does not apply "to death of an employee of the insured while in the course of employment of the business occupation of the insured." The contention of the administratrix is that she alleged in her complaint that her intestate met his death while being transported by the insured pursuant to the agreement of employment, and that there was really no issue between the administratrix and the insurance company. Under our statute, Title 7, § 166, Code 1940, all persons should be made parties to declaratory judgment proceedings who have, or claim any, interest which would be affected by the declaration. And as pointed out in Maryland Casualty Co. v. Pacific Coal & Oil Co., supra, the statutory right of a plaintiff in such an action suffices to make such plaintiff a proper party to the suit. Our statute, Title 28, § 12, Code 1940, is similar to that of the Ohio statute referred to in the Pacific Company case. The plaintiff ad-

ministratrix has such an interest, though at present, perhaps due to the solvency of Cardwell, it may not now be a matter of concern to her. Nevertheless, by virtue of the statute, when a judgment is recovered and not satisfied within 30 days after its date, the plaintiff in the law action may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment. We are persuaded, therefore, that under these authorities the dissolution of the injunction could not be rested upon the ground of lack of equity in the bill.

In the cases from this court above noted we approved injunctive relief against pending actions during the determination of the declaratory judgment proceeding. In the Pacific Coal & Oil Company case, supra, the preliminary injunction was denied upon the ground, as we read the opinion, that the Federal statute prohibited the issuance of injunction against the proceeding in a state court.

Coming to the second question presented in the motion to dissolve the injunction, counsel for appellant insists that as this is purely a statutory proceeding the doctrine of laches does not apply. We are cited to Silberman v. McLaughlin, 129 Conn. 273, 27 A.2d 634. We agree with the holding there made that laches in the ordinary legal acceptation of the term is not here strictly applicable. But whether the length of time elapsing be called laches or by some other designation is not of controlling importance. The Connecticut case involved the issuance of a mandamus, held to be within the legal discretion of the court, and that inequitable delay would be ground for refusing it. Such inequitable delay was applied in that case and relief denied. Mr. Borchard in his work on Declaratory Judgments writes that the declaration will be refused where in the opinion of the court it is inexpedient and contrary to public policy, and that it may also be refused where by laches, or default, or in equity, the plaintiff has weakened his claim for relief or where it would result in possible injustice to third persons. Borchard, Declaratory Judgments, First Edition, page 111.

Here we are dealing with the question of injunction wherein the court exercises a wide discretion by considerations of the relative conveniences and inconveniences which may result to the parties from granting or withholding the writ. Where it appears that greater damage is likely to result from granting than from withholding the relief, or where the inconveniences seems to be equally divided as between the parties, the injunction will be refused, and the parties left as they are until the legal right can be determined by law. This statement is found reiterated in Jones v. Jefferson County et al., 203 Ala. 137, 82 So. 167, and is the established text in High on Injunctions. To like effect see Cullman Property Co. v. H. H. Hitt Lbr. Co., 201 Ala. 150, 77 So. 574; Berman v. Wreck-A-Pair Bldg. Co., 234 Ala. 293, 175 So. 269.

The answer discloses that Earl J. McClendon was the husband of the administratrix and the father of two children, three and one years of age, each dependent upon him for support. That shortly after the death of said Earl J. McClendon the attorneys for the administratrix conferred with counsel for the insurance company, informed them of their cause of action, all with a view of a possible settlement of claim for the death of said Earl J. McClendon. We have noted that the death occurred about November 30, 1946. Failing in a satisfactory settlement, the suit was filed April 26, 1947. It appears that counsel for the insurance company entered an appearance and proceeded with the defense of the suit, and in the course of such defense filed interrogatories to the administratrix, with a motion subsequently presented to require answers thereto. The case was first set for December 8, 1947, and then continued and set for trial March 8, 1948. It was on March 4, 1948, just four days before the suit as set for trial, and after the attorneys for the plaintiff in the law suit had summoned her witnesses and arranged for their presence for the trial of the cause on March 8, that this bill was filed and preliminary injunction issued. It is clear enough that under the averments of this answer counsel for the insur-

ance company had ample notice of all the matters which are set up in this bill and abundant opportunity to proceed with the prompt disposition of any declaratory judgment proceeding they might see fit to institute. Indeed, counsel had already long before entered into the defense of this suit, and complainant took the usual precaution to have entered into what is commonly known and understood as a non-waiver agreement. But in connection with the bill and answer we are to consider the affidavit of counsel for the insurance company, which is to the effect that Cardwell had a personal attorney, who, also, was in the defense of the case and with whom they had frequently conferred, and the further statement of counsel that it was only the day before this bill was filed, in conferring concerning the answers to interrogatories filed by the administratrix, the discovery was made that the position of the insurance company and Cardwell became "suddenly and sharply antithetical," to use the language of the brief. Counsel for Cardwell makes affidavit confirming the correctness of the affidavit of the attorney for the insurance company. But we find no effort to explain why this discovery was not made at an earlier date. Counsel for the insurance company had conferred concerning a settlement of the proposed litigation shortly after the death of Earl J. McClendon, which we have noted was November 30, 1946. It must be assumed that they immediately began to gain information concerning the accident. But if any doubt existed upon the part of counsel for the insurance company as to the claim of the administratrix that the transfer of McClendon from Birmingham to Siluria and return was by working agreement between McClendon, the intestate and Cardwell, it was fully resolved when the complaint was filed in April 1947, for in the last four counts of that complaint those facts are distinctly stated. Counsel quite evidently had before them the complaint and knew of this claim on the part of the plaintiff in the law suit. It cannot be assumed that during all the conferences and consideration of the defense of this cause that this question had escaped notice. The administratrix was ready with her case and anxious for trial. If the declaratory judgment proceeding was to be instituted it could by proper expedition be filed and disposed of before the time for the law suit trial. The question involved in this proceeding may be one of material moment to the administratrix in her law suit and which she was then anxious to have tried.

Under all these circumstances we are persuaded, measuring the conveniences and inconveniences, and the exercise of wide discretion, the trial court correctly dissolved the injunction.

The case presents one in which it is entirely probable that injustice to the plaintiff would result by a reinstatement of the injunctive writ. United States Fidelity & Guaranty Co. v. Savoy Grill, 51 Ohio App. 504, 1 N.E.2d 946. It is upon this ground, therefore, that we are of the opinion the ruling of the trial court should here be sustained.

It follows, therefore, that the decree is to be affirmed. It is ordered.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.