48 So.2d 773

**REED v. FIDELITY & CASUALTY CO. OF NEW YORK.**

8 Div. 576.

Supreme Court of Alabama.

Nov. 16, 1950.

Mitchell & Poellnitz, of Florence, and Davies & Williams, of Birmingham, for appellee.

Smith & Tompkins, of Tuscumbia, for appellant.

LAWSON, Justice.

The appellee, the Fidelity and Casualty Company of New York, filed this bill in

the circuit court of Colbert County, in equity, under the declaratory judgment statute, Title 7, §§ 156–168, and made parties thereto Annie B. Reed, as administratrix of the estate of George E. Reed, deceased, and Lawrence M. Beck, individually, and Lawrence M. Beck, doing business as Beck Coal Company.

The case made by the bill and the exhibits thereto is as follows:

On April·24, 1950, Annie B. Reed, administratrix of the estate of George E. Reed, deceased, filed in the circuit court of Colbert County a complaint against Lawrence M. Beck, individually, and doing business as Beck Coal Company, claiming damages in the sum of $20,000 for the alleged unlawful death of the said George E. Reed. The complaint was filed under the homicide statute and contained three counts. The complaint as to each count alleged that on December 10, 1949, while plaintiff's intestate was upon the premises of the defendant's coal yard in the city of Tuscumbia, Alabama, at the invitation of defendant, he was negligently and unlawfully run over by a truck being driven by an agent, servant, or employee of the defendant, who was acting within the line and scope of his employment, and as a proximate consequence and result thereof plaintiff's intestate was killed.

The summons and complaint was served on the defendant, Lawrence M. Beck, individually, and doing business as Beck Coal Company, on May 31, 1950. Beck was, on the date of the fatal accident alleged in the complaint filed on the law side, the insured under an automobile liability insurance policy issued by the Fidelity and Casualty Company of New York. Beck delivered the summons and complaint to the said insurance company and called on it to defend the suit filed against him by Annie B. Reed, as administratrix, under the terms of said liability policy.

The instant bill alleged that the policy of automobile liability insurance specifically excluded coverage on insured Beck as to bodily injury or death of any employee caused while engaged in such employment; that the said George E. Reed at the time

he was killed was an employee of the Beck Coal Company and that he received the injury which caused his death while engaged in such employment; that because of such alleged employment of the said George E. Reed by the Beck Coal Company, the insurance company is not obligated by the terms and conditions of the policy to pay any judgment rendered therein; that there is a bona fide justiciable controversy between the insurance company and the respondent. The bill prayed for two specific declarative findings: first, that the insurance company is not obligated by the terms of its policy of insurance to defend the suit at law; second, that the said insurance company is not liable under said policy of insurance for any judgment which may be rendered in the suit at law. The bill for declaratory judgment further prayed that the court grant an injunction against Annie B. Reed, as administratrix, from further proceeding in her suit for damages pending the final outcome of the declaratory judgment action.

On July 11, 1950, Annie B. Reed, as administratrix, filed demurrer to the bill seeking declaratory judgment. At a hearing upon the motion for preliminary injunction, the judge of the circuit court of Colbert County, in equity, overruled the demurrer filed by Annie B. Reed, as administratrix, and granted a temporary injunction enjoining and restraining the said Annie B. Reed, as administratrix, from proceeding with the trial of the damage suit pending further orders of the court.

This appeal is from the decree overruling the demurrer to the bill of complaint and granting the preliminary injunction.

Appellant insists that under the allegations of the bill for declaratory judgment there is no bona fide justiciable controversy between the parties and that her grounds of demurrer taking that point should have been sustained. It is argued that there is no justiciable controversy in that the complaint in the law case does not allege that the deceased was an employee of the insured at the time he was killed and the insurance company was not made a party defendant to the suit for damages.

We cannot agree with this contention in view of our former holdings. In United States Fidelity & Guaranty Co. v. Hearn, 233 Ala. 31, 170 So. 59, it was held in effect that an action may be brought by liability insurer under declaratory judgment statute against insured and parties injured to have the court declare whether or not insurer is liable to defend suit against driver and owner of automobile by guests or passengers for hire. The insurer was not a party to the damage suit, but had issued group policy to company employing driver.

The holding of the Hearn case, supra, was reaffirmed in State Farm Mutual Automobile Ins. Co. v. Cardwell, 250 Ala. 682, 684-685, 36 So.2d 75, 76, wherein it was said:

"Upon the question of lack of equity in the bill, we are persuaded this matter is foreclosed by former decisions of this court, reinforced by a comparatively recent ruling of the Supreme Court of the United States. First, in 1936, United States Fidelity & Guaranty Co. v. Hearn, 233 Ala. 31, 170 So. 59, the holding was that the insurance company could maintain such a suit and that the plaintiff in the law action was a proper party thereto. In the second suit, decided in 1938, the positions of the parties were reversed, but the reasoning and conclusion of the court was the same as that in the former decision. American Mut. Liability Ins. Co. v. Agricola Furnace Co., 236 Ala. 535, 183 So. 677. The case from the U. S. Supreme Court is that of Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L. Ed. 826, which is in entire harmony with the two decisions above noted.

"The insurance company filed this bill seeking a declaratory judgment that there was no liability of the company to Cardwell, the insured, nor was there liability for the company to defend the suit. The issue, as presented by the bill, is that provision in the policy to the effect that it does not apply 'to death of an employee of the insured while in the course of employment of the business occupation of the insured.' The contention of the administratrix is that she alleged in her complaint that her intestate met his death while being transported by the insured pursuant to the agreement of employment, and that there was really no issue between the administratrix and the insurance company. Under our statute, Title 7, § 166, Code 1940, all persons should be made parties to declaratory judgment proceedings who have, or claim any, interest which would be affected by the declaration. And as pointed out in Maryland Casualty Co. v. Pacific Coal & Oil Co., supra, the statutory right of a plaintiff in such an action suffices to make such plaintiff a proper party to the suit. Our statute, Title 28, § 12, Code 1940, is similar to that of the Ohio statute referred to in the Pacific Company case. The plaintiff administratrix has such an interest, though at present, perhaps due to the solvency of Cardwell, it may not now be a matter of concern to her. Nevertheless, by virtue of the statute, when a judgment is recovered and not satisfied within 30 days after its date, the plaintiff in the law action may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment. We are persuaded, therefore, that under these authorities the dissolution of the injunction could not be rested upon the ground of lack of equity in the bill.

"In the cases from this court above noted we approved injunctive relief against pending actions during the determination of the declaratory judgment proceeding. In the Pacific Coal & Oil Company case, supra, the preliminary injunction was denied upon the ground, as we read the opinion, that the Federal statute prohibited the issuance of injunction against the proceeding in a state court."

To like effect see Employers Ins. Co. of Alabama v. Brooks, 250 Ala. 36, 33 So.2d 3.

Under our decisions referred to above, we hold that the trial court did not err in overruling the demurrer and in granting the temporary injunction to preserve the status quo.

If the insurance company had been made a party defendant to the damage suit, then

476

there would not have been such equity in the bill as would have supported the injunction. Auto Mut. Indemnity Co. v. Moore, 235 Ala. 426, 429, 179 So. 368, 370. In that case it was said:

"In United States Fidelity & Guaranty Co. v. Hearn, 233 Ala. 31, 170 So. 59, we sustained a suit for a declaratory judgment where insured had been sued alone, there was no suit against insurer, nor other process to determine its duty to defend that suit, and there was an actual controversy with respect to that duty.

"The difference between that situation and this is in the fact that in this there is a pending suit where the duty and liability of insurer may be adequately and fully determined. We have never held that after another suit has been begun, if it affords an adequate judicial determination of the question, a suit for a declaratory judgment may supersede it, and withdraw from that suit a decision of the question."

We might add that the two federal district court cases cited by counsel for appellant in support of the argument that there was no justiciable controversy have been reversed. The case of Associated Indemnity Corp. v. Manning, D.C., 16 F. Supp. 430, was reversed by the Circuit Court of Appeals for the ninth circuit. Associated Indemnity Corp. v. Manning, 92 F.2d 168. The case of Columbian Nat. Life Ins. Co. v. Foulke, D.C., 13 F.Supp. 350, was reversed by the Circuit Court of Appeals for the eighth circuit. Columbian Nat. Life Ins. Co. v. Foulke, 89 F.2d 261. It does not appear that either of those cases went to the Supreme Court of the United States, but the holdings of the Circuit Courts of Appeals are in accord with the decision of the Supreme Court of the United States in Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826, cited in our case of State Farm Mutual Automobile Ins. Co. v. Cardwell, supra.

The decree is affirmed.

Affirmed.

BROWN, FOSTER, LIVINGSTON, SIMPSON and STAKELY, JJ., concur.