66 So.2d 915

**STATE FARM MUT. AUTO. INS. CO.**
**v. SHARPTON et al.**

**8 Div. 705.**

Supreme Court of Alabama.

Aug. 6, 1953.

Orlan B. Hill, Florence, and Howell
Thomas Heflin, Tuscumbia, for appellees.

Mitchell & Poellnitz, Florence, for ap-
pellant.

388

PER CURIAM.

This is a suit by appellant seeking a declaratory judgment that it has been discharged from liability and duty to defend certain actions for damages covered by its policy of insurance, and that complainant is not liable for any judgment that may be rendered in them. The ground on which the claim is based is a failure of the insured to co-operate with the insurer in making defense to those actions.

The bill set forth a detail of the facts on which the contention was based. It not only sought a declaration as indicated above, but also sought an injunction against the parties who had instituted said actions to restrain their prosecution until the court can hear this cause and declare whether complainant is bound under its policy to defend said suits for the insured. There was a demurrer to the bill, which was overruled. The judge set down for hearing the application for a temporary injunction as authorized by section 1054, Title 7, Code. He did not grant a restraining order pending that hearing as authorized by section 1059, Title 7. The judge refused to order a temporary injunction when he heard the application at the time set for it. Section 1055, Title 7, Code. This appeal was taken from that decree. The only assignment of error is in denying the temporary injunction prayed for.

This Court made an order granting a temporary injunction upon the condition named to continue the cause pending a disposition of this appeal.

So that, the only question here involved is whether there was error in the decree denying the temporary injunction, pending a hearing and determination of this suit in respect to whether appellant has been discharged from liability on its insurance policy with reference to its duty to defend those suits.

Appellees contend, among other things, that liability on the policy is controlled by the Motor Vehicle Safety Responsibility Act of September 5, 1951, effective January 1, 1952, General Acts 1951, page 1224, before the date of the policy here involved, and that section 21(f)(1) virtually eliminates the co-operation clause of the policy insisted on by appellant. But section 21(a) defines motor vehicle liability policies as used in that Act to be those certified under section 19 or 20, as proof of financial responsibility.

Such acts have been adopted in many states, as pointed out in 7 Appleman on Insurance, § 4295. On page 64 of that authority it is said: "Such statutes do not necessarily require the owner of the automobile to carry liability insurance, nor do they refer to all policies, but merely to policies which are required to prevent suspension of license and registration." That statement is supported in terms by the case of American Mutual Liability Ins. Co. v. Ocean Accident Guarantee Corp., 87 N.H. 374, 180 A. 249, and other New Hampshire cases.

Section 19(b) of the Act of 1951, supra, referred to in section 21, supra, provided that "no motor vehicle shall be or continue to be registered in the name of any person required to file proof of financial responsibility unless such motor vehicle is so designated in such a certificate." That is by an insurance carrier, that there is in effect a motor vehicle liability policy as is required. So that, the terms required by section 21(f)(1), supra, to be read into motor vehicle liability policies apply only to those policies required to be certified as proof of financial responsibility to permit the vehicle to continue to be registered. There is no showing here made that the policy involved was issued in response to such a requirement. Therefore, that Act must be eliminated in considering the question presented on this appeal.

The respondent Lroy (Elroy) Sharpton is the insured. He was in an accident on January 26, 1952, at which time his car collided with another car. Riding in his car were Bobby Whitmon Sharpton and June Elizabeth Narmore who were injured in the accident, and Agnes Inman who was not injured. Riding in the other car involved were James Johnson, John Thomas Johnson and George Johnson. Two of the three riders in the Sharpton car, and the three riders in the other car were all injured. Lroy Sharpton was also injured. Bobby Whitmon Sharpton and June Elizabeth Narmore each separately, on September 2, 1952, filed suit for damages for personal injuries against Lroy Sharpton in Colbert County. The accident occurred in Lauderdale County. On September 3, 1952, James Johnson, John Thomas Johnson and George Johnson each filed a separate suit in Lauderdale County against said Lroy Sharpton for injuries received by each in said accident.

Without being first filed in court, the instant bill for equitable relief, seeking a declaratory judgment, was presented on February 24, 1953 to the circuit judge on an application for a temporary injunction against the prosecution of those suits pending the proceeding for a declaratory judgment. The circuit judge set it down for hearing in his office in Lauderdale County on February 28, 1952. As of that day a plea in abatement appears in the record on behalf of June Elizabeth Narmore, for that the application is set for hearing in Lauderdale County to enjoin an action in Colbert County, which is contrary to section 294, Title 7, Code. The court is said to have stricken that plea on the ground that a preliminary injunction may be granted in another county. That decree is not in the record. Also on February 28, 1952, Bobby Whitmon Sharpton filed a demurrer to the bill, but June Elizabeth Narmore did not demur. Also on that day a demurrer was filed by James Johnson, John Thomas Johnson and George Johnson, severally and separately. The plea in abatement raises the question of the proper venue of this suit.

Section 294, supra, designates the county in which a proceeding in court is pending as the venue for an injunction of it. But it has been held that the county of the residence of a material defendant is proper. Fox v. Fox, 235 Ala. 338, 179 So. 237. The bill alleges that Lroy Sharpton, with whom the controversy with complainant exists, resides in Colbert County. None of the other respondents reside in Lauderdale County except the plaintiffs in three of the suits, John Thomas Johnson, James Johnson and George Johnson. A material party is one who is necessary to obtain the jurisdictional relief sought. That does not include one brought in for the purpose of extending the relief so as to do complete justice. First National Bank of Birmingham v. Johnson, 227 Ala. 40, 148 So. 745. But the plaintiffs in the several suits for damages are directly in-

terested to the extent that the court is asked to declare that complainant is not liable for any judgment which may be rendered. Plaintiffs can enforce against complainant such liability under sections 11 and 12, Title 28, Code. They are therefore necessary parties in such a suit as this, section 166, Title 7, Code, sufficient to fix the venue under section 294, Title 7, in Lauderdale County. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826. The court will in a proper case enjoin the prosecution of these suits pending this one in order to do complete justice. United States Fidelity & Guaranty Co. v. Hearn, 233 Ala. 31, 170 So. 59; Reed v. Fidelity & Casualty Co. of New York, 254 Ala. 473, 48 So. 2d 773. The purpose emphasized is to do complete justice. But when it would not be just to enjoin the suits the injunction should not be ordered.

In the case of State Farm Mutual Auto. Ins. Co. v. Cardwell, 250 Ala. 682, 36 So.2d 75, the injunction was denied as being unjust. There the injury occurred November 30, 1946, suit for damages was filed against insured April 26, 1947, suit for declaratory judgment and injunction was filed March 4, 1948, just four days before the case was set for trial: the trial court was held to be in a proper exercise of its discretion in refusing to grant such injunction.

In the instant case the accident occurred January 26, 1952, of which the insurer had prompt notice and proceeded to make investigation. The suits were brought September 2 and 3, 1952. The insurer had notice of the matters alleged in the bill on or before October 21, 1952. This bill seeking an injunction was presented to the judge on February 24, 1953 and was heard on February 28, 1953. The suits were set down for trial March 2, 1953.

■ On February 1, 1952, insured made a statement to insurer while he (insured) was in the hospital as a result of the accident. He made another statement in the office of counsel for insurer on October 21, 1952. There was some difference between it and the one made while he was sick and in the hospital. On December 20, 1952, he answered under oath interrogatories propounded to him by plaintiff in the case of George Johnson against him in Lauderdale Circuit Court, which did not materially conflict with the answers given by him on October 21, 1952. He made affidavit on the hearing before the judge on February 28, 1953, denying all charges on which the claim of want of co-operation is based in the bill. He has not failed to respond to every request of insurer, and is available as a witness for the trial. His inherent sympathy with the plaintiffs in the cases in Colbert County is not controlling. Employers Ins. Co. of Alabama v. Brooks, 250 Ala. 36, 33 So.2d 3.

■ It would obviously be out of place here to try to analyze the evidence in respect to the claim made in the bill of want of co-operation. It should be considered in the light of the principle, which we think is sound, that for the insurer to defend those suits as its policy provides pending a determination of this suit, as to its duty in that respect when an injunction has been denied, is not a waiver of its claim in this suit of a want of co-operation, and its liability under its policy would be subject to the final determination of that question in this suit and unaffected thereby. The insurer's defense of that suit should then be treated as compulsory. 45 C.J.S., Insurance, § 714, pages 687, 688.

It has been said by this Court that the *voluntary* defense of the suit is an important factor in determining whether thereby the insurer has waived its claim of forfeiture on account of the co-operation clause. United States Fidelity and Guaranty Co. v. Remond, 221 Ala. 349, 129 So. 15.

This Court has taken the position that it does not save a waiver of the forfeiture to notify counsel for defendant in such a damage suit, that by defending the suit according to the terms of the policy it was not thereby waiving its right to claim the forfeiture. Blackwood v. Maryland Casualty Co., 227 Ala. 343, 150 So. 180. In this respect the Court refused to follow the Court of Appeals in Blackwood v. Maryland Casualty Co., 25 Ala.App. 308, 150 So. 179; Id., 24 Ala.App. 527, 137 So. 467.

■ The right of the plaintiffs to try those cases has been delayed long enough. The plaintiffs are in no way involved in the

controversy as to the duty to defend those suits. By defending them, without being estopped thereby to insist on a want of co-operation as claimed in the instant suit, would not be as much of a burden on the insurer as it would burden these plaintiffs to wait until this suit may drag to a conclusion, when it could and should have been instituted at once after the information was obtained and then pushed to a conclusion. This is not to charge the insurer or its counsel with responsibility for the time which has been consumed since filing this suit.

The decree denying the application for a temporary injunction should be affirmed, and the temporary injunction ordered by this Court effective pending this appeal should be dissolved.

The foregoing opinion was prepared by FOSTER, Supernumerary Judge of this Court, while serving on it at the request of the CHIEF JUSTICE under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Affirmed. Temporary injunction issued by this Court dissolved.

LIVINGSTON, C. J., and LAWSON, SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.