84 So.2d 642

**Bena K. ELLISON, as Adm'x,**

**v.**

**CANAL INSURANCE COMPANY.**

**4 Div. 783.**

Supreme Court of Alabama.

Jan. 12, 1956.

Hiram J. Brogden, Jr., Ed Brogden, Jr., and Frank J. Tipler, Jr., Andalusia, for appellant.

Albrittons & Rankin, Andalusia, for appellee.

GOODWYN, Justice.

This is an appeal by Bena K. Ellison, as Administratrix of the Estate of LeRoy Kilpatrick, Deceased, one of the respondents below, from a decree overruling her demurrer to appellee's bill seeking relief under the Declaratory Judgments Act, Code 1940, Tit. 7, § 156 et seq. The purpose of the bill is to secure a declaration as to complainant insurance company's liability under an automobile liability policy issued to respondent Leo Mooradian.

To the extent here pertinent the bill alleges the following: That complainant insurance company issued to respondent Leo Mooradian under date of July 31, 1952, an automobile liability policy covering a 1951 Ford truck; that Mooradian purchased said truck on November 19, 1951, and on the same date "sold, transferred and delivered" it to respondent Hilton R. Chavers "but retained title to same as security for the purchase price thereof"; that Chavers continued to make, and Mooradian to accept, weekly payments under said contract until November 15, 1952, the date of the accident in which Kilpatrick was killed; that in applying for the insurance Mooradian "falsely represented himself as the owner" of the truck "whereas in truth and in fact the said respondent Hilton R. Chavers was the owner of such truck at the time of the application and at the time of the issuance of said policy, to-wit, July 31, 1952, and that the said respondent Hilton R. Chavers had been such owner of said truck and had maintained possession of and used said truck as his own continuously since, to-wit, November 19, 1951, the date of the sale of said truck to him"; that the policy of insurance names Mooradian as the insured and contains the following condition:

"18. By acceptance of this policy, the named insured agrees that the statements in the Declarations are his agreements and representations, that this policy is issued in reliance upon

the truth of such representations and that this policy embodies all agreements existing between himself and the Company or any of its agents relating to this insurance.";

that the policy shows no ownership of the truck in Chavers; that Mooradian thus obtained the policy "fraudulently and upon his false representations" rendering the policy "null and void and ineffectual as to coverage on said truck"; that on November 15, 1952, Chavers, "while said truck was in his possession and owned by him and operated by him, became involved in an accident with said truck in Covington County, Alabama, wherein said truck was overturned; that one LeRoy Kilpatrick was a passenger" therein "at the time of such accident and was killed as a result thereof; that one or more other passengers riding in said vehicle at said time and place were injured as a result of said accident; that the respondent Bena K. Ellison, as Administratrix of the Estate of LeRoy Kilpatrick, deceased," filed suit at law in the circuit court of Covington County against Mooradian and Chavers seeking damages for Kilpatrick's death; that Mooradian has called on complainant to defend said action in his behalf under the terms of the policy and has refused to defend the action himself; "that Complainant has tendered a non-waiver agreement whereby Complainant agreed to defend said action if said Respondent Leo Mooradian will recognize that in doing so, Complainant does not waive its right to deny Complainant's liability under said policy, but said Respondent Leo Mooradian has refused to execute such agreement and refuses to recognize Complainant's right to deny liability under said policy; that said suit being filed on February 2, 1953, and said named Defendant Leo Mooradian being the named insured under said policy and he having refused to appear in said suit in his own individual capacity, it became necessary for Complainant, through its attorneys in Andalusia, Alabama, to appear in said suit on behalf of the Defendant Leo Mooradian, its insured, and that it so appeared for him by the filing of a demurrer on March 16, 1953, addressed to the complaint filed against the said Leo Mooradian; that on the date of filing said demurrer on behalf of Leo Mooradian, it was ascertained by Complainant through its attorneys at Andalusia, Alabama, that the said Leo Mooradian had not appeared in his own behalf and had not taken any steps necessary for the protection of his interests and that said date of filing was the last day within which responsive pleadings could be filed under the laws of the State of Alabama and such filing by Complainant was thus necessary in full protection of its interests; that simultaneously with the filing of such demurrer by Complainant, it notified the said Leo Mooradian by registered mail duly addressed and posted to him at Hapeville, Georgia, that it was filing demurrers in his behalf and was doing so without prejudice to any of its rights and without waiving any of its rights, if in fact it had such rights, to deny liability under the policy; said filing of the demurrer and notification of the filing with reservation of rights to deny liability being subsequent to the refusal of said Leo Mooradian to defend in his own behalf and subsequent to his refusal to execute a nonwaiver agreement"; that an amendment to the policy on July 31, 1952, contains the following passenger hazard exclusion:

"It is agreed that such insurance as is afforded by the policy for bodily injury liability does not apply to bodily injury including death at any time resulting therefrom, sustained by any person while in or upon, entering or alighting from the automobile.

"It is further agreed that, in the event the company shall, because of provision of the federal or state statutes become obligated to pay any sum or sums of money because of such bodily injury or death resulting therefrom, the insured agrees to reimburse the company for any and all loss, costs and expenses paid or incurred by the company.";

that said provision "specifically excludes liability to Complainant for any results of said accident"; that it is necessary that

a determination be immediately made as to its liability under said policy and its responsibility for defense of the action at law as between it and Mooradian and as between it and Chavers as the driver of the truck; "that while temporary steps have been taken by Complainant through its local attorneys at Andalusia, Alabama, to protect the interests of Leo Mooradian, such steps were necessary for the full protection of Complainant's interests and that additional defensive steps will soon be necessary; that the cost of the defense of said lawsuit will be large and the liabilities imposed in the event of successful prosecution of said suit could be large; that Complainant is entitled to have the Respondent Bena K. Ellison as Administratrix of the Estate of LeRoy Kilpatrick, deceased, temporarily enjoined and restrained from further prosecution of her said suit at law now pending in the Circuit Court of Covington County, Alabama, until this Honorable Court determines the questions and matters herein set forth; that continued prosecution of such suit prior to such a determination of Complainant's responsibility for the defense thereof and liability for any judgment that would be rendered therein would do irreparable wrong to this Complainant. Therefore, Complainant alleges that there is a specious and actual controversy between Complainant and these Respondents upon which substantial property rights are dependent."

The prayer was for a temporary injunction to restrain the administratrix from further prosecution of her action at law until a determination is made of "the matters of this suit for declaratory judgment and decree" and, on final hearing, a declaration (1) determining ownership of the truck as of the time of issuance of the policy and the accident, and (2) determining that complainant "is under no obligation to assist in the defense of any litigation arising from the accident described in the foregoing bill of complaint or arising from the operation of the vehicle above described in the bill of complaint, and determining and adjudicating that Complainant is not required to make any settlements because of the aforesaid ac-

cident, injury and death, or to pay any judgments which may be recovered as a result thereof against Leo Mooradian and Hilton R. Chavers or either of them."

A temporary injunction was ordered issued as prayed for on filing of the bill on May 26, 1953. No appeal was taken from that decree.

On July 24, 1953, appellant demurred to the bill as a whole and separately to its several aspects. On January 25, 1954, the demurrer was overruled, except as to the aspect set forth in par. 6 of the bill, not here involved. This appeal is from the decree overruling said demurrer.

It is stated in appellant's brief that "this case presents three major points for decision" as follows: "(1) Whether or not the insurer waived its right to file the bill for Declaratory Judgment after it had voluntarily entered its general defense of the action at law on behalf of one insured under its policy; (2) Did the insured make any false representations in his applications for insurance and, if so, was such false representation one that will permit the insurer to avoid liability under its policy; (3) According to the provisions of the contract, taking into consideration the circumstances under which it was issued, and a consideration of the public's rights, should the policy provide coverage under the situation presented by the case at law."

█ Obviously, it seems to us, points (2) and (3) clearly recognize the presence of a "justiciable controversy" calling for a "declaration of rights" within the rules applicable to a declaratory judgment action. As said in Alabama State Milk Control Board v. Graham, 250 Ala. 49, 54, 33 So.2d 11, 15:

"* * * Of course there must be a bona fide justiciable controversy and where no bona fide justiciable controversy is alleged, the demurrer should be sustained. Bagwell v. Woodward Iron Co., 236 Ala. 668, 184 So. 692. But the test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff

will succeed in getting a declaration of rights in accordance with his theory and contention but whether he is entitled to a declaration of rights at all. Accordingly if he states the substance of a bona fide justiciable controversy, which should be settled, he states a cause of action for declaratory judgment. In this situation the demurrer should be overruled and after answer a declaration of rights should be entered. Cabell v. City of Cottage Grove, 170 Or. 256, 130 P.2d 1013, 144 A.L.R. 286; Anderson on Declaratory Judgments (Pocket Part of 1946) p. 148."

We have also said that " 'a demurrer is rarely appropriate in a declaratory judgment action' ", Curjel v. Ash, 261 Ala. 42, 45, 72 So.2d 732, 734; Anderson, Declaratory Judgments, 2d Ed., § 318, p. 743, and that " 'ordinarily where the bill for a declaratory judgment shows a bona fide justiciable controversy which should be settled, the demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree.' " Waterworks and Sanitary Sewer Board v. Dean, 260 Ala. 221, 226, 69 So.2d 704; Percoff v. Solomon, 259 Ala. 482, 489, 67 So.2d 31, 38 A.L.R.2d 1100; City of Bessemer v. Bessemer Theatres, 252 Ala. 117, 120, 39 So.2d 658; White v. Manassa, 252 Ala. 396, 399, 41 So.2d 395.

That leaves point (1) for consideration, that is, whether the insurance company by entering a general appearance in the law action on behalf of the insured under its liability policy waived its right to file its bill for a declaratory judgment. Cited in support of this insistence are the following: State Farm Mut. Auto. Ins. Co. v. Cardwell, 250 Ala. 682, 36 So.2d 75; Reed v. Fidelity & Casualty Co. of New York, 254 Ala. 473, 48 So.2d 773; State Farm Mut. Auto. Ins. Co. v. Sharpton, 259 Ala. 386, 66 So.2d 915.

In the Cardwell case the appeal was from a decree dissolving a temporary injunction issued on application of the in-

surer to restrain the further prosecution of a law suit against the insured until determination of the declaratory judgment litigation brought by the insurer against the plaintiff in the law action and the insured, who was the defendant in the law action. The question presented was whether the trial court erred in dissolving the temporary injunction. It was held that, under all the circumstances of the case, "measuring the conveniences and inconveniences, and the exercise of wide discretion, the trial court correctly dissolved the injunction." [250 Ala. 682, 36 So.2d 78.] The particular circumstances there presented were as follows: The accident in which the insured was involved occurred on November 30, 1946. Suit against the insured was brought on April 26, 1947. After having been once continued, the law suit was set for trial March 8, 1948, when, on March 4, 1948, the insurer instituted its declaratory judgment proceeding. It is apparent that that case lends no support to the insistence that the appellee-insurer has waived its right to a declaratory judgment.

In the Reed case the question for decision was whether, under the bill for declaratory judgment, there was a bona fide justiciable controversy between the parties. The insistence was that there was "no justiciable controversy in that the complaint in the law case does not allege that the deceased was an employee of the insured at the time he was killed and the insurance company was not made a party defendant to the suit for damages". [254 Ala. 473, 48 So.2d 774.] It was held that this contention was without merit. In so holding the opinion quotes at length from the opinion in the Cardwell case. We see nothing in the Reed case supportive of appellant's insistence.

In the Sharpton case the appeal was from a decree denying to the insurer a temporary injunction to restrain the prosecution of actions at law against the insured until determination, in the declaratory judgment proceeding, of the insurer's duty to defend such actions and its liability for any judgment that may be rendered in them. Denial of the temporary injunction

was held to be without error. Nothing in that case supports appellant's position.

 We see no basis for holding that the insurer has "waived its right to file the bill for declaratory judgment". If there has been a waiver (which we do not now decide) it is with respect to its liability under the policy of insurance and not with respect to its right to have a "declaration" as to such liability. Whether there has been a waiver of any defense which the insurer might have is in itself a justiciable controversy.

The decree appealed from is due to be affirmed. So ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MAYFIELD, JJ., concur.