366 So.2d 687 (1978)
Ex parte NATIONAL INSURANCE UNDERWRITERS and Wheelair Insurance, Inc.
Re Glenn SCHAFFER, d/b/a Glenn Schaffer Spraying Service
v.
NATIONAL INSURANCE UNDERWRITERS et al. and
D. L. MARTIN, Jr.
v.
Glenn SCHAFFER, d/b/a Glenn Schaffer Spraying Service.
77-788.
Supreme Court of Alabama.
December 1, 1978.
As Modified on Denial of Rehearing January 26, 1979.
*688 Robert S. Lamar, Jr., Montgomery, for petitioners.
Steve Skipper, Cullman, for respondent, Glenn Schaffer, d/b/a Glenn Schaffer Spraying Service.
Billy C. Burney, Circuit Judge, Lawrence County, Moulton, in opposition to Petition for Writ of Mandamus.
W. H. Rogers, Moulton, for respondent, D. L. Martin, Jr. in opposition to Petition for Writ of Mandamus.
BEATTY, Justice.
Petition of National Insurance Underwriters and Wheelair Insurance, Inc. for a writ of mandamus to The Honorable Billy C. Burney, Judge of the Circuit Court of Lawrence County. Writ denied.
This petition arose from two related civil actions. The first action was brought by D. L. Martin, Jr. against Glenn Schaffer, d/b/a Glenn Schaffer Spraying Service. That action sought damages which had allegedly resulted from Schaffer's aerial dusting of Martin's cotton crop in July, 1976, and was filed on August 24, 1977. The second action was brought by Glenn Schaffer, d/b/a Glenn Schaffer Spraying Service against National Insurance Underwriters and Wheelair Insurance, Inc., and was filed on January 27,1978. That was a declaratory judgment action and sought alternative relief, viz., either a declaration that Underwriters and Wheelair owed a duty to defend and indemnify Schaffer in the Martin action under two insurance contracts issued to Schaffer by them, or for an award of damages to Schaffer because of misrepresentations made to him by Underwriters and Wheelair in connection with his insurance coverage provided by them.
In response to the declaratory judgment action brought by Schaffer, National Insurance Underwriters alleged: (1) The damage claimed by Schaffer was excluded from coverage under the provisions of the policy; (2) Schaffer had failed to perform an express condition precedent contained in the insurance policies relating to the giving of notice of suit (the petitioners alleged that they had no notice of the Martin action until they were served with the summons and complaint in the Schaffer action); and (3) *689 The damage alleged by Martin was subject to an exclusion from coverage contained in the policies.
A trial on the Schaffer action was held on April 10, 1978. Both Martin and Schaffer testified. Copies of the insurance policies were received in evidence. The parties also submitted briefs to the trial court. On July 14,1978 that court entered an order finding that the petitioners were under a duty to defend Schaffer on the Martin action and were liable for any judgment obtained by Martin against Schaffer to the extent provided in the contracts. Costs in the Schaffer action were taxed against the petitioners.
Following the trial court's order the Martin case was set for trial on September 18, 1978. On August 30, 1978, however, the petitioners moved in the trial court for findings of fact, conclusions of law, judgment on Underwriters' claims for relief and Schaffer's claim for misrepresentation, and a certificate under Rule 54(b), ARCP. Then on September 18, 1978 the petitioners filed a motion for continuance of the Martin action. The trial court granted this motion, continuing that case until October 16, 1978. This petition was filed in this Court on September 19, 1978 and pending disposition thereof this Court stayed further proceedings in the Martin case.
The dispositive issue here is whether the petitioners were entitled as a matter of right to a Rule 54(b) certificate in order to allow them to appeal from the order of the trial court. They were not so entitled.
Our cases have allowed either the insured or the insurer to have determined by a declaratory judgment action whether an insurer was liable to defend an action already brought against the insured. U. S. Guarantee Co. v. Harrison & Owen Produce Co., 240 Ala. 186, 198 So. 240 (1940); State Farm Mutual Automobile Ins. Co. v. Cardwell, 250 Ala. 682, 36 So.2d 75 (1948), and we have approved injunctive relief against the pending action until the final outcome of the declaratory judgment proceeding. Reed v. Fidelity & Casualty Co. of New York, 254 Ala. 473, 48 So.2d 773 (1950). Schaffer followed that course in this case by filing his declaratory judgment action. The petitioners contend, however, that the trial court's findings in that case did not amount to a final judgment on all of their claims, and therefore, because they were entitled to a final adjudication on their obligation to defend before entering upon that defense, they maintain that the trial court was obliged to dispose of all claims, or under Rule 54(b) should have entered a final judgment for some, thus enabling petitioners to appeal his order. That position is untenable in these circumstances.
Schaffer's complaint contained two counts. The first asked for a declaration of his rights under the insurance policies and that these petitioners be held liable for the damage to property out of which Martin's action against Schaffer arose. The second count alleged a misrepresentation by the petitioners regarding coverage afforded him on account of occurrences such as alleged in Martin's action, and in this count Schaffer demanded $50,000.00 in compensatory and punitive damages, interest and costs. In response to this complaint the petitioners "counterclaimed":
1. That the basis of Martin's lawsuit was not covered by the policies issued to Schaffer;
2. That Schaffer had not performed express conditions precedent to coverage under the policies issued to him;
3. That Underwriters was not obligated to defend or to pay any judgment rendered in Martin's action against Schaffer.
An examination of these allegations leads us to the conclusion that they are not "claims" cognizable under Rule 54(b). A claim under Rule 54(b) is an allegation indicating the existence of a cause of action in the sense of a claim "that facts exist which . . . are recognized as entitling the claimant to judicial action in vindication of a right or in remedying a wrong." Gold Seal Co. v. Weeks, 93 U.S.App.D.C. 249, 254, 209 F.2d 802, 807 (1954). Although that "claim" refers to a set of facts giving rise to legal rights in the claimant, *690 and not mere legal theories of recovery based upon those facts, Perma Research & Development Co. v. Singer Co., 410 F.2d 572 (2d Cir. 1969), nevertheless it requires a cause of action, School District No. 5 v. Lundgren, 259 F.2d 101 (9th Cir. 1958), the underlying factual basis for recovery of which could have been separately enforced. Cates v. Bush, 293 Ala. 535, 540, 307 So.2d 6 (1975). None of the claims for relief advanced by the petitioners could be enforced independent of Schaffer's claim under the insurance policies, which in itself was dependent upon Martin's cause of action. The petitioners' claims were, in actuality, defenses to Schaffer's claim under the policy.
We need not decide whether the alternative claims of Schaffer, for either a declaration of coverage or damages for a misrepresentation of that coverage, stated separate claims, although it may be observed that a finding of one necessarily precludes enforcement of the other simply because a finding of coverage adjudicated his contention of a misrepresentation of that very coverage. The trial court's order finding that under the "contemplation of the [insurance] contracts . . . the defendants. . . owes [sic] a duty to defend . . . plaintiff . . . and . . . they are liable for any judgments obtained against. . . plaintiff growing out of [the Martin action] to that extent provided in the contracts" was an adjudication of each of Schaffer's alternative allegations. Such an order was in compliance with that part of Rule 54(b), ARCP whose reference to final judgment requires only "the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
It is clear, therefore, that the order of the trial court intended to adjudicate the alternative claim of Schaffer and the defenses of these petitioners to his declaratory action. However, the trial court also specifically held:
It is, FURTHER ORDERED AND ADJUDGED that the matters concerning other claims for relief in this lawsuit are held in abeyance pending the outcome of the case styled CV-77-234.
Thus, while the trial court could have made a Rule 54(b) certification that court was not under a clear legal duty to do so. Therefore the petitioner has not shown a clear legal right to relief by mandamus.
The petition for a writ of mandamus must be, and is, denied.
Writ denied.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.