175 So. 322

### BIRMINGHAM ELECTRIC CO. v. MEACHAM.

### 6 Div. 142.

Supreme Court of Alabama.

June 14, 1937.

Rehearing Denied June 29, 1937.

W. A. Denson, of Birmingham, for petitioner.

J. P. Mudd, of Birmingham, opposed.

KNIGHT, Justice.

This cause is brought before the court by petition for writ of certiorari to the Court of Appeals, to review and revise the opinion and judgment of that court in the case of Birmingham Electric Company v. John Sharp Meacham, 27 Ala.App. 471, 175 So. 316.

We concur in the conclusion reached by the Court of Appeals that the plaintiff's disability was not the result of an accident as defined by the Alabama Workmen's Compensation Act (Code 1923, § 7534 et seq.). But if it could be so held, manifestly the action was barred by the statute of limitations. Code, § 7570.

However, we do not commit ourselves to all that is contained in the opinion of the Court of Appeals on the subject of "occupational disease."

In our recent case of Gentry v. Swann Chemical Company, 174 So. 530, 533,[1] this court, in an exhaustive opinion by Mr. Justice Brown, dealt with the subject of what constituted "an occupational disease," and it was there pointed out that "The weight of authority and the best-considered cases, sustain the view that this rule of the common law is restricted to disease resulting from the ordinary and generally known risk incident to the particular employment and long continued work therein as to which, at common law, the master owed the servant no duty. It does not apply to a disease resulting from the tort of the master, such as the negligence [failure] to furnish the servant a safe place within which to work."

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

---

[1] Ante, p. 313.