183 So. 677

**AMERICAN MUT. LIABILITY INS. CO.**
**v. AGRICOLA FURNACE CO.**

**7 Div. 506.**

Supreme Court of Alabama.

Oct. 6, 1938.

536

Goodhue & Lusk, of Gadsden, for appellee.

London & Yancey and Fred G. Koenig, Sr., all of Birmingham, for appellant.

FOSTER, Justice.

The purpose of this suit is to have a declaratory judgment to determine whether the respondent as an insurer of complainant is bound by its contract of insurance to defend a certain suit at law against complainant by Jimmie L. Reed. The relief sought is well within the remedy provided by statute. Acts 1935, page 777; United States Fidelity & Guaranty Co. v. Hearn, 233 Ala. 31, 170 So. 59; Auto Mutual Ind. Co. v. Moore, 235 Ala. 426, 179 So. 368.

The question is whether the complaint as now constructed, having been amended several times, shows a cause of action within the coverage of the contract of insurance or of indemnity between complainant and respondent. If so, by its terms,

the respondent became bound to defend the suit in the name of complainant thus sued.

The complaint was first for the breach of a common law duty and also under the Employers' Liability Act, Code 1923, §§ 7598–7601, in several counts. Demurrer was sustained, and then a petition was filed under the Workman's Compensation Act, Code 1923, §§ 7534–7597. The cause was again amended eliminating claim under the Workman's Compensation Act, and so as to state a cause of action on the theory as originally framed upon the authority of Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530.

Thereupon respondent contends that the action as thus framed is not within its coverage because it is not under the Workman's Compensation Act, and is not for an accident at all, but an occupational disease which is expressly excluded from the coverage; and declined to defend the action. This suit is to determine whether that contention is correct.

We must therefore determine whether the cause of action can be properly defined as for an accident on the one hand or as for an occupational disease on the other. This is so because the contract has two aspects of coverage, of which the first (1–a) is controlling, if the suit is under the Workman's Compensation Act, and the second (1–b) is so when it is for a liability imposed by law on account of injuries to an employee when so lawfully employed in the United States or Canada, provided that "VII. This agreement shall apply only to such injuries so sustained by reason of accidents occurring during the policy period limited and defined as such in item 2 of said declarations." With a rider attached specially disclaiming a coverage for liability on account of an occupational disease.

The suit was filed on November 4, 1936, and alleges that plaintiff contracted silicosis and tuberculosis by reason of the unsafe condition of his place of employment where he was engaged from April 1926 to May 1936, due to improper ventilation in such place where particles of dust and metal circulated in the air. That along about the first of May 1936, while so engaged he was made sick in that way, but that it did not appear suddenly, violently or by accidental means but gradually appeared to grow progressively worse as a result of said continuous effect of said dust and particles of metal, and that defendant did not

use reasonable diligence to provide a reasonably safe place in which to do his work.

It was apparently patterned after that considered in Gentry v. Swann Chemical Co., supra. It is of the same nature as that so treated, unless the period of time in which the ailment grew and developed was of such a length as to take it out of the influence of that case.

We think that the policy should not be confined to circumstances where the ailment is caused by accidental means in its coverage in 1–b, supra, as defined in Adkins v. Metropolitan Life Ins. Co., 235 Ala. 417, 179 So. 382; Inter-Ocean Casualty Co. v. Foster, 226 Ala. 348, 147 So. 127; Inter-Ocean Casualty Co. v. Jordan, 227 Ala. 383, 150 So. 147; O'Bar v. Southern Life & Health Ins. Co., 232 Ala. 459, 168 So. 580; Equitable Acc. Ins. Co. v. Osborn, 90 Ala. 201, 9 So. 869, 13 L.R.A. 267. But it embraces an act which happens without foresight or expectation, (1 Corpus Juris 391), wrongfully causing personal injury. Victory S. & S. Co. v. Francks, 147 Md. 368, 128 A. 635, 44 A.L.R. 363.

Policies in the exact language as that here under consideration were likewise so interpreted in Soukop v. Employers' Liability Assurance Corporation, 341 Mo. 614, 108 S.W.2d 86, 112 A.L.R. 149; and Globe Indemnity Co. v. Banner Grain Co., 8 Cir., 90 F.2d 774.

An occupational disease is not an accident in either aspect of its meaning. But it is one which results from the ordinary and generally known risks incident to the particular employment and long continued work in it, as to which at common law the master owed the servant no duty, and it does not include one which results from the tort of the master in the failure to furnish the servant a proper place in which to work. Gentry v. Swann Chemical Co., supra; Birmingham Electric Co. v. Meacham, 234 Ala. 506, 175 So. 322.

In the Gentry Case, supra, there was a relatively short time, to-wit, six months in which the ailment developed. This was within the statute of limitations of one year.

Here we understand the complaint to allege that it developed progressively through a period of ten years, but that it was through the negligence of the defendant, which we assume means that it was continuous, but that in May 1936 he was for that cause made sick.

We do not know what the facts will show, other than as alleged in the complaint and bill. The bill shows that insured had for the years 1931, 1932, 1933, 1934, 1935 and 1936 issued to complainant a similar policy, except that for the years 1931, 1932 and 1933 the policy had no rider disclaiming coverage for occupational diseases.

 But an occupational disease is not an accident even in its broad sense. The policies cover accidents which occur within the period of their respective term. A tort is often an accident, as when injury results from negligent conduct, and it may be of a continuous sort, and, if so, a recovery may be had for all damages which occurred within the period of limitations, 37 Corpus Juris 897, and by successive actions. Louisville & Nashville R. Co. v. Higginbotham, 153 Ala. 334, 44 So. 872.

When an act is continuous and all the time tortious and wrongful, it should not be exempted from such classification as an accident because it extends for a long period of time, however difficult it may be to separate the amount of damage done within the period of the statute of limitations from that occurring in the period preceding. Lehigh Portland Cement Co. v. Donaldson, 231 Ala. 242, 164 So. 97; Howell v. City of Dothan, 234 Ala. 158, 174 So. 624; Lehigh Portland Cement Co. v. Higginbotham, 232 Ala. 235, 167 So. 259.

It is clear that the complaint undertakes to set out a cause of action for a continuous tort extending through a period of ten years, six of which defendant had insurance with this insurer. As we construe the complaint, therefore, it is not for an occupational disease, but is for an accident caused by a tort continuous in nature.

The policy of insurance obligates the insurer to defend in the name of defendant any suits against him on account of the injuries embraced within the coverage, although they are groundless, false or fraudulent.

The purpose here, as we have said, is to determine whether the complaint is based on a cause of action for such an injury. The decree of the court makes declaration to the effect that it is the duty of the insurer by virtue of its policy to defend the suit in question. We concur in that interpretation of the situation. It reserves for further consideration all other matters and issues. We assume this relates to the injunction of the action pending the hearing of this suit, which will perhaps be immediately released or otherwise disposed of so as to permit the suit to proceed to trial.

We, however, consider the decree as final in the sense that it will support an appeal, and need not consider the petition for mandamus filed as an alternative remedy.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.