**Peggy GRAU, Appellant,**

v.

**The PROCTER & GAMBLE COMPANY, The Procter & Gamble Distributing Company, Appellees.**

**No. 20286.**

United States Court of Appeals
Fifth Circuit.

Nov. 6, 1963.

See also D.C., 132 F.R.D. 199.

Sanford D. Weiss, Sid C. Stuckey, Jr., Montgomery, Ala., Stuckey & Weiss, Montgomery, Ala., for appellant.

James W. Garrett, Oakley W. Melton, Jr., Montgomery, Ala., Powell McHenry, Cincinnati, Ohio, Rushton, Stakely & Johnston, Montgomery, Ala., Dinsmore, Shohl, Barrett, Coates & Deupree, Cincinnati, Ohio, of counsel, for appellee.

Before RIVES, CAMERON and WISDOM, Circuit Judges.

PER CURIAM.

Plaintiff sued the manufacturer and distributor claiming that she had developed a severe stomatitis (inflammation of the mouth, as thrush) from the use of Crest tooth paste. The district court directed a verdict for the defendants.

Plaintiff's expert testified that Crest is not dangerous to normal persons:

"THE COURT: Do you mean by that that it [Crest] is not dangerous to people that do not have an allergy to stannous fluoride?

"WITNESS: I mean that.

\* \* \*

"THE COURT: Then would you say that Crest tooth paste as a product, with its components as you know them, is not a dangerous product to normal persons, but is a dangerous product to people with hypersensitivity?

"WITNESS: Yes, sir; yes, I would."

Although Crest is one of the most widely used tooth pastes in the United States, the record contains reference to only one other instance of a possible reaction to its use. Stannous fluoride is not a known allergen. There was no evidence that the allergy from which plaintiff suffered is one common to any substantial number of possible users. The plaintiff was not aware of her allergy. It is difficult to conceive of any warning which would have afforded any probability of preventing plaintiff's injury. The judgment entered upon the directed verdict for the defendant is affirmed. See Merrill v. Beaute Vues Corp., 10 Cir. 1956, 235 F.2d 893; Prosser on Torts 2nd ed., p. 503; Annotation 26 A.L.R. 2d 963, 973.

Affirmed.