The controlling principle in this case is that, in a negligence action brought by an injured employee against third parties pursuant to Code of Ala., Tit. 26, §§ 312 and 313 (42), the statute of limitations begins to run from the date of the injury, which is defined in § 313 (42) as the date of the last exposure to the hazards of the disease which gave rise to the injury. We find the trial court's judgment in accord with this principle and affirm.
Plaintiff, Mildred Garren, claims to be permanently and totally disabled as a consequence of continuously breathing dust and lint discharged from a contour trim machine which she operated for several years prior to the date of her last employment with the Van Heusen Company. She first became aware of her pulmonary problem in the summer of 1973. Her illness became progressively worse and forced her to quit work April 23, 1974. She filed suit *Page 766 
April 22, 1975, against the manufacturer of the machine, S R Folding Company, on a products liability theory, and against her employer's insurance carrier, Commercial Union Insurance Company, on the theory that it had negligently rendered safety inspections. Before filing this action, plaintiff had received $17,710.37 in Workmen's Compensation benefits.
Both defendants were granted partial summary judgments on the grounds that plaintiff's claims for relief, seeking to recover damages for injuries suffered more than one year prior to April 22, 1975, are barred by the one-year statute of limitations; further, any damages to which plaintiff might otherwise be entitled could not include those for any injuries suffered by plaintiff more than one year prior to April 22, 1975. Plaintiff appeals from these partial summary judgments. Rule 54 (b), ARCP. We affirm.
Code of Ala., Tit. 7, § 26 presents a one-year period in which to bring actions for personal injuries. It is applicable to actions against third parties where recovery is sought for injuries sustained as a result of continuous exposure to harmful events, such as repeated blasting or flooding. LehighPortland Cement Co. v. Donaldson, 231 Ala. 242, 164 So. 97
(1935); Birmingham Electric Co. v. Meacham, 27 Ala. App. 471,175 So. 316, cert. den. 234 Ala. 506, 175 So. 322 (1937). The statute of limitations begins to run when injury occurs or damage accrues, not from the date of the act causing injury or damage. Brotherhood of Locomotive Firemen Enginemen v.Hammett, 273 Ala. 397, 140 So.2d 832 (1962). The date of injury is the last day on which plaintiff was exposed to the danger. Tit. 26, § 313 (42).
The clear meaning and application of the limitations period as set out in § 313 (42) and reaffirmed in the cases cited runs contrary to any interpretation of Tit. 26, § 312, which would grant the plaintiff an additional six month recovery period when the insurance carrier intervenes. Defendant insurance carrier, Commercial Union, was granted a motion to intervene as a party plaintiff in the suit against S R Folding Machine Company, Inc. Title 26, § 312, provides:
 "* * * In the event the injured employee, or in case of his death, his dependents, do not file suit against such other party to recover damages within the time allowed by law, the employer or the insurance carrier for the employer shall be allowed an additional period of six months within which to bring suit against such other party for damages on account of such injury or death, in the event the employer or the insurance carrier shall have paid compensation to such employee * * *"
An action under Tit. 26, § 312, is purely statutory in form and remedial in nature. That portion of the statute quoted permits a subrogee to bring an action against a third party if the injured party does not bring such an action, and not until the period within which that party has to bring the action has lapsed. Hartford Accident Indemnity Co. v. Rigdon,418 F. Supp. 540 (S.D.Ala. 1976). It neither creates nor enlarges the substantive rights of the injured employee nor does it extend the period of limitation for the employee.
We emphasize that we affirm the partial summary judgment granted by the trial court. This opinion is not to be considered as limiting plaintiff's right to proceed with her claim for damages accruing within the one year period of limitations — during one day.
AFFIRMED.
BLOODWORTH, JONES and ALMON, JJ., and SIMMONS, R.C.J. (Retired Circuit Judge, sitting by designation of the Chief Justice), concur. *Page 767