This is an asbestosis case in which the claims of twenty-five shipyard workers, or their personal representatives, against manufacturers of products containing asbestos were consolidated in order to settle legal questions common to all. The portions of the complaint which are germane to this appeal stated causes of action under Alabama law based on the Alabama Extended Manufacturer's Liability Doctrine, negligence, fraud, and wantonness. Each of the first four counts contained allegations of fraud in an attempt to toll the statute of limitations. Each cause of action was then reiterated in a separate count which omitted the allegations of fraud which would toll the statute. The order appealed from granted the defendants' Rule 12, A.R.Civ.P., motion. The court dismissed some of the claims and limited the damages recoverable in other claims to damages attributable to a period of one year prior to the time the complaint was filed.
Two issues were raised on appeal:
 (1) whether the trial court was correct in ruling that the plaintiffs were entitled to recover only damages for injuries caused by exposure to asbestos-laden products during one year prior to filing suit, and
 (2) whether the plaintiffs' allegations of fraud were sufficient to toll the running of the statute of limitations.
This is the latest of several cases dealing with statute of limitations problems in cases where a long latency period existed between the plaintiff's exposure to some deleterious substance and the onset of his physical problems. In Garrett v.Raytheon Co., 368 So.2d 516 (Ala. 1979), the plaintiff was exposed to radiation between 1955 and 1957, and began exhibiting signs of radiation poisoning in 1975. This court ruled that the plaintiff's cause of action accrued and, therefore, that the statute of limitations began to run, at the time the plaintiff was exposed to the radiation, regardless of when the injury was discoverable by the plaintiff.
Following the Garrett v. Raytheon Co. decision, the legislature passed Act No. 80-566, which amended the statute of limitations, § 6-2-30, Code of Alabama 1975. The statute provided that in all civil cases arising out of exposure to asbestos the cause of action "shall be deemed to accrue on the first date the injured party, through reasonable diligence, should have reason to discover the injury giving rise to such civil action." The statute purported to apply retroactively. *Page 57 
In Tyson v. Johns-Manville Sales Corp., 399 So.2d 263 (Ala. 1981), we ruled that the retroactive application of the statute was restricted by § 95 of the Alabama Constitution, which prohibits the legislature from reviving any right or remedy which may have become barred by lapse of time. The statute became effective on May 19, 1980. Under the one-year statute of limitations in effect prior to the time when 80-566 was enacted, all actions for damages caused by exposure to asbestos prior to May 19, 1979, were already barred and could not be revived, because of § 95. Therefore, the "discovery rule" contained in 80-566 is applicable only to claims based on exposure on or after May 19, 1979. Based on Tyson v.Johns-Manville Sales Corp., supra, the trial court dismissed all counts failing to allege exposure to asbestos subsequent to May 19, 1979. No issues were raised on appeal regarding that aspect of the trial court's decision.
In those cases which were not dismissed entirely, the trial court ruled that the plaintiffs were limited in the damages they would be entitled to recover to those exposure-caused damages occurring within one year of filing suit. If allowed to stand, the trial court's ruling would emasculate the "discovery rule" contained in 80-566. Plaintiffs would only be allowed to recover the damages to which they would have been entitled had the discovery rule not been enacted.
The trial court's ruling stems from a misunderstanding of the continuing tort rule of damages. While a plaintiff in a negligence action is typically limited to damages for injuries incurred within one year of filing suit, the rule does not, as the trial court suggested, operate independently of the statute of limitations. To the contrary, it is a function of the statute of limitations. Under the new statute, the plaintiff is entitled to recover all damages which proximately flowed from his injury if his action is brought within the statutory period of limitations, notwithstanding Commercial Union Assurance Co.v. Zurich American Ins. Co., 471 F. Supp. 1011, 1015 (S.D.Ala. 1979); Garrett v. Raytheon Co., 368 So.2d 516, 521 (Ala. 1979);American Mutual Liability Ins. Co. v. Agricola Furnace Co.,236 Ala. 535, 538, 183 So. 677, 679 (1938). With reference to the question of the damages where the claim is filed within the limitations period set out in 80-566, the statute specifically allows such damages, stating:
 "It is the intent of the Legislature that all Alabama citizens suffering the effects of any long-term disease process covered by this Bill should not be prevented by any statute of limitations from recovering the full measure of damages proximately caused by a third party tortfeasor which are allowable under any civil theory of liability, provided action is brought within the statutory period of limitation from the date of accrual."
See Tyson v. Johns-Manville Sales Corp., 399 So.2d 263, 266-67
n. 1 (Ala. 1981) (reciting the text of the statute).
Appellants urge a construction of the "full measure of damages" language which would allow the plaintiffs who fall within the period of the statute to recover for all injuries proximately caused by exposure to asbestos. Appellees argue that any construction of the statute allowing a plaintiff to recover for injuries occurring prior to May 19, 1979, would violate § 95 of our constitution. Tyson v. Johns-Manville, supra.
While § 95 would prohibit the legislature from reviving a cause of action which had become barred by lapse of time, there is no constitutional requirement that damages be apportioned to conform with the prescriptive period for filing an action. An analogous situation exists as to the workmen's compensation statute, which does not require an apportionment of benefits commensurate with the one-year period allowed to bring a workmen's compensation action. Chrysler Corp. v. Henley,400 So.2d 412, 416 (Ala.Civ.App. 1981). Based on the stated intention of the framers of the act to allow plaintiffs who are able to state a cause of action to recover a "full measure of damages," we rule that the plaintiffs should not be limited to a recovery for injuries occurring *Page 58 
after May 19, 1979, but should be allowed to recover for allinjuries proximately caused by exposure to asbestos.
The second issue concerned the plaintiffs' allegations of fraud made in an attempt to toll the statute of limitations. Plaintiffs averred that since the 1930's the defendants have known of the mounting body of evidence indicating the toxic properties of asbestos. The complaint stated that the knowledge was acquired through testing, research, communication between the defendants, by workmen's compensation claims, law suits and medical studies. Plaintiffs went on to allege that the defendants, with an intention to deceive the public, suppressed this body of evidence by failing and refusing to place warnings on the packages containing the asbestos-laden products. Furthermore, the plaintiffs alleged that in the mid-1960's when the defendants began to publish "warnings" they did so in such a way that the "warnings" failed to impart knowledge of the extent of the danger and that the defendants failed to disseminate the information in such a way so as to apprise the plaintiffs of the danger. Plaintiffs contended that the defendants should have notified local unions and employers and should have published notices in trade publications and so forth.
The allegations of the complaint allege a failure to warn on the part of the defendants. Under Alabama law, if a manufacturer or seller places goods on the market which are imminently dangerous when put to their intended purpose and the defendant knows or should know that the goods are dangerous when used in their customary manner, the defendant must exercise reasonable diligence to make such dangers known to the public likely to be injured by the product. Ford Motor Co. v. Rodgers,337 So.2d 736, 739 (Ala. 1976); AltorferBrothers Co. v. Green, 236 Ala. 427,429, 183 So. 415, 417 (1938).
The pertinent issue in this case is whether a breach of the duty to warn constitutes fraudulent concealment which will toll the statute of limitations. We rule that a mere failure or refusal to warn, without more, while actionable, does not rise to the level of fraudulent concealment and, hence, does not toll the running of the statute.
The judgment of the trial court is affirmed in part and reversed in part.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.