**Jay OUTLAW, Plaintiff-Appellant,**

v.

**The FIRESTONE TIRE & RUBBER COMPANY, Defendant-Appellee.**

No. 84–7657.

United States Court of Appeals,
Eleventh Circuit.

Sept. 13, 1985.

Dennis Pantazis, Birmingham, Ala., for plaintiff-appellant.

Warren B. Lightfoot, Birmingham, Richard H. Walston, Birmingham, Ala., for defendant-appellee.

Before VANCE and HENDERSON, Circuit Judges, and ALLGOOD *, Senior District Judge.

HENDERSON, Circuit Judge:

This product liability case was brought by the plaintiff-appellant, Jay Outlaw, to recover damages for personal injuries suffered when a tire manufactured by the defendant-appellee, Firestone Tire and Rubber Company (Firestone), exploded while he was inflating it with air. At the close of the presentation of the plaintiff's evidence, the United States District Court for the Northern District of Alabama directed a verdict in favor of Firestone. Outlaw appeals from that order. After a thorough review of the record, we find material issues of fact remaining for resolution, reverse the district court's direction of a verdict in favor of Firestone and remand the case for a new trial.

On July 28, 1981, Jay Outlaw was driving on Interstate Highway 65 from Milwaukee, Wisconsin to Eglin Air Force Base in Florida. As he approached Birmingham, Alabama, a passing motorist signaled that his left front tire was low. Outlaw stopped the car on the shoulder of the highway to inspect the tire. Confirming that the tire was low, he got back into his car and drove less than a mile to a service station at the next exit.

At the service station, Outlaw checked the tire pressure with his tire gauge and recorded 25 p.s.i. of tire pressure. He pumped air into the tire, but the gauge still registered 25 p.s.i. He again added air and recorded the same air pressure. At that moment he heard a "pop" within the tire

and checked the pressure one further time. The gauge then registered between 35 and 45 p.s.i. He began to release air from the tire, at which time it exploded. The force of the explosion injured Outlaw's right eye and ear.

Suit was originally filed in the Circuit Court of Jefferson County, Alabama and was removed by Firestone to federal district court because of diversity of citizenship. The case proceeded to trial and Outlaw testified that at the time he was filling the tire with air, he noticed no sign of wear or any deformity on it. He did not feel any heat coming from the tire nor was he aware of the distance he had travelled on it in its deflated condition.

The only other witness called by the plaintiff was an expert who testified as to the cause of the explosion. The expert, A.C. Bronaugh, examined the tire prior to trial and stated his opinion that a slowly leaking nail hole had caused the tire to deflate to about 15 pounds of pressure, about half the recommended pressure of 32 p.s.i. According to Bronaugh, the extended driving on the partially deflated tire caused heat to build up within the tire. Eventually, the side walls "melted" and the tire exploded. He testified that Outlaw would not have noticed the low pressure while driving and that the tire probably would have exploded regardless of Outlaw's efforts to fill it. There were no noticeable marks on the tire that would alert a person who had no knowledge of the potential danger.

■ The suit is predicated on the Alabama Extended Manufacturer's Liability Doctrine (AEMLD). This doctrine is similar to strict product liability, but retains the concept of fault by the manufacturer. In order to recover under the AEMLD, there must be proof that a manufacturer was at fault in placing a product on the market that was in an unreasonably unsafe or dangerous condition when put to its

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

intended use. The plaintiff also must prove causation-in-fact, proximate cause and damages to complete the prima facie case. *See Brownlee v. Louisville Varnish Co.,* 641 F.2d 397, 400 (5th Cir.1981) [1]; *Sears, Roebuck & Co. v. Haven Hills Farm, Inc.,* 395 So.2d 991, 993–94 (Ala. 1981).

Outlaw does not claim that the tire was defectively designed or manufactured. Rather, he contends that Firestone failed to give adequate warning that a tire operated at low pressure for an extended period of time would melt down and explode. Alabama law recognizes that a failure to warn can provide the basis for AEMLD liability. "When a seller knows or should know that its product is imminently or inherently dangerous when used in its customary manner, the seller is under a duty to use due care to acquaint the user with the danger." *Rivers v. Stihl, Inc.,* 434 So.2d 766, 773 (Ala. 1983). *See also Cazalas v. Johns-Manville Sales Corp.,* 435 So.2d 55 (Ala.1983); *McCaleb v. Mackey Paint Manufacturing Co.,* 343 So.2d 511 (Ala.1977).

In granting the defendant's motion for a directed verdict, the district court found that Outlaw had failed to establish a prima facie case. Although the reason for the directed verdict is not totally clear from the record, it was apparently based on (1) Outlaw's failure to establish a duty to warn and (2) his failure to show that the lack of warning caused his injuries.

The standard for a directed verdict in a federal court is articulated in *Lane Crane Service v. I.B.E.W., Local Union 177,* 704 F.2d 550, 553 (11th Cir.1983); *Warren v. Ford Motor Credit Co.,* 693 F.2d 1373, 1374–75 (11th Cir.1982). A district court may grant a directed verdict if, after considering all the evidence in the light most favorable to the non-moving party, it determines that "reasonable men could not arrive at a contrary verdict."

The district court's primary concern was its perception that Outlaw failed to prove a necessity to warn. It found first that the danger of an injury such as that suffered by plaintiff was too remote and unforeseeable to require a warning and, second, that Outlaw failed to produce any evidence of what would constitute an adequate warning in such circumstances.

As stated earlier, Alabama law imposes a duty to warn of inherent and imminent dangers in a product when used in its usual manner. *Rivers v. Stihl, Inc.,* 434 So.2d 766, 773 (Ala.1983). Whether there is a duty to warn, and if so, the adequacy of the warning are usually questions for the jury. *Lowe v. General Motors,* 624 F.2d 1373, 1381–82 (5th Cir.1980). The issue may be withdrawn from the jury only if the risk is so remote that reasonable persons could not agree on the existence of a duty to warn. *See Grau v. Proctor & Gamble Co.,* 324 F.2d 309 (5th Cir.1963); *Griggs v. Combe, Inc.,* 456 So.2d 790 (Ala.1984). After a careful review of the evidence, we find that reasonable persons could find a duty to warn of the risk of a tire explosion under these conditions. As such, the jury was entitled to decide whether there existed such a duty.

Our conclusions are supported largely by the testimony of Bronaugh, Outlaw's expert witness. The explosion was caused when heat, produced by the continuous contact of the deflated tire with the surface of the highway, created temperatures hot enough to melt the sidewall. Record on Appeal, Vol. II, p. 104. Bronaugh knew of other instances in which the same sequence of events had led to the same result. Record, Vol. II, p. 113. This evidence would be sufficient for a jury to infer knowledge of this danger by the tire industry generally. Bronaugh also knew that Firestone was aware of this particular risk with truck tires. Record, Vol. II, pp. 117–18. The product was being put to its intended use by the plaintiff who had no

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as precedent all decisions of the former Fifth Cir- cuit Court of Appeals decided prior to October 1, 1981.

knowledge of the dangerous circumstances although the manufacturer knew or should have known of the hazard.

From this testimony, we find that a jury could determine that the tire posed a non-obvious risk of serious injury when used in its intended manner. The jury also could conclude that Firestone was aware of this risk. From this, the jury would be authorized to find that Firestone had a duty to warn of the risk. At this juncture of the case it was error to direct a verdict in favor of the defendant.

The district court also cited Outlaw's failure to produce evidence on the content of an adequate warning. While a jury would be entitled to consider the content of a warning in deciding whether there was a duty to warn, we are aware of no Alabama case that places the burden on the plaintiff to produce this type of evidence in order to make out a prima facie case.

Because genuine issues of fact remain, the judgment of the district court granting a directed verdict in favor of Firestone is REVERSED and the case is REMANDED for a new trial.