This is a Rule 5, A.R.A.P., interlocutory appeal by the defendants from an order denying their motions for partial summary judgment in an action for damages based on injuries allegedly caused by the plaintiff's employment-related exposure to cotton fibers and resulting development of byssinosis. The sole issue presented is whether the plaintiff is barred from claiming damages for those injuries caused by exposure to cotton fibers more than one year prior to the date she filed this action. More specifically, the issue is whether the trial court erred in concluding that this Court's construction inCazalas v. Johns-Manville Sales Corp., 435 So.2d 55 (Ala. 1983), of the "full measure of damages" rule contained in Act No. 80-566 pertaining to asbestos exposure cases, effectively overruled Garrett v. Raytheon Co., 368 So.2d 516 (Ala. 1979), thereby allowing a full measure of recovery in all
continuous-exposure tort cases.
The plaintiff, Myrna O. Phillips, was an employee of Avondale Mills in Sylacauga, Alabama. According to her affidavit, she first began working with Avondale Mills in September of 1973 at the Catherine Plant in Sylacauga, where she worked until November of 1977, when she was diagnosed as having "Byssinosis Grade II." Because of the byssinosis diagnosis, plaintiff was transferred to the Central Plant in Sylacauga, where the work involved synthetic materials rather than cotton materials. Plaintiff worked at the Central Plant until it closed in August 1982. Thereafter, she was placed on a month-to-month leave of absence until an opening came up in an Avondale plant that did not do cotton-related work. On September 19, 1982, the plaintiff worked a shift at the Catherine Plant, where cotton fibers were processed, and, therefore, on that day, she was again exposed to cotton fibers. This was, apparently, the last date plaintiff worked in any Avondale plant.
On May 31, 1983, plaintiff filed this action against American Mutual Liability Insurance Company (American Mutual), Charles Crowther, Jim Palsey, Claude Sawyer, Jim McGough, Hal Summers, and fictitious defendants. In her complaint, she alleged that American Mutual, the workmen's compensation carrier for Avondale Mills, had negligently inspected her workplace and that the individual defendants, her co-employees at Avondale, had breached their duty to provide her with a reasonably safe place in which to work. Plaintiff further claimed that, as a result of the alleged negligence and breach of duty on the part of the defendants, she worked in an unsafe environment, in which she was exposed to cotton dust and cotton lint. *Page 906 
That exposure, she claimed, caused her to develop byssinosis, for which she claimed $500,000 in damages.
In due course, the named defendants filed motions for partial summary judgment, seeking to limit plaintiff's potential recovery to only those damages which occurred within the period of limitations (i.e., within the year next preceding the filing of this lawsuit). The trial court entered an order denying the defendants' motions. Because that order clearly expresses the trial court's analysis and reasoning, it is set out in pertinent part below:
"ISSUE:
 "This matter is before the Court on Motion for Partial Summary Judgment filed by Defendants. The narrow issue to be decided is whether Plaintiff is absolutely barred from claiming damages caused by exposure to cotton dust more than one (1) year prior to filing suit.
"CONCLUSIONS:
 "Defendants assert they are entitled to partial summary judgment on the grounds that damages suffered more than one (1) year preceding the filing of suit are barred absolutely by the statute of limitations. Distinction must be made, however, between the question of limitation of actions and the question of damages.
 "In continuous exposure cases, Alabama has for over sixty (60) years rejected the `Discovery Rule.' The Alabama Rule is succinctly stated in Garrett v. Raytheon [Co.], Ala., 368 So.2d 516 (1979), as being
 "`the cause of the action is not barred by the statute of limitations until one (1) year after the last day on which the Plaintiff was exposed to the dangerous conditions which caused the injury.'
 "Since Garrett, the legislature has adopted a `Discovery Rule' as to the statute of limitations applicable to asbestos exposure cases. Act No. 80-566, Acts of Alabama, 1980. That Act allows actions to be brought within one (1) year of the `first date the injured party, through reasonable diligence, should have reason to discover the injury giving rise to such civil action.' This is not an asbestos related action however, hence the `date of last exposure' accrual of the action applies. In the present case there is no question that the action was brought within the period of limitation following such date of last exposure, hence the action remains viable on the question of statute of limitations.
 "The question addressed by the pending motions, then, is one of damages. While establishment of statute of limitations is a legislative function, rules of damages have historically been set by the Courts.
 "Defendants here urge reliance upon Garren v. Commercial Union Insurance Company, 340 So.2d 764
(Ala. 1976), relying upon the apparent rule of Garren
and Garrett that the Plaintiff in continuous exposure cases is limited only to damages suffered within the period of limitation. The primary issue in both those cases, however, was when did the action accrue and the primary ruling was to retain the `last date of exposure' accrual as opposed to a `Discovery Rule' in negligence cases. The asbestos act cited above is a statute of limitation. It has been held constitutional in Tyson v. Johns-Manville [Sales Corp.], 399 So.2d 263 ([Ala.] 1981). A more recent asbestos case, Cazalas v. Johns-Manville [Sales Corp.], 435 So.2d 55 (Ala. 1983), again affirmed the act as it applies to the statute of limitations, but also allowed the Plaintiff to recover all damages which proximately flowed from his injury, so long as the action was brought within the statutory period of limitation. [Emphasis in original.]
 "Although Cazalas and Tyson deal with asbestos cases, and the act pertaining thereto, they establish a new measure of damages in those continuous exposure cases.
 "The very narrow issue, then, is whether the damages rule expressed in Cazalas is applicable beyond asbestos cases only. Alabama now has a `full *Page 907 
measure of damages' rule in asbestos cases and workmen's compensation cases. If an action is viable by virtue of having been filed within the statute of limitations, the reasoning of Cazalas that all damages arising from that injury can be recovered should apply to all continuous exposure cases, not just asbestos cases. On the basis of that sound reasoning, as well as for the virtue of consistency within the law, that reasoning is hereby applied to this byssinosis case. [Emphasis added.]
 "No opinion is expressed herein as to the effect of early discovery within the period of continuous exposure. It does appear, however, that long established rules concerning assumption of risk would adequately protect potential defendants from a plaintiff knowingly remaining exposed to noxious substances after discovery of danger or damage to himself. Another alternative is to declare the statute of limitations to accrue upon discovery or last exposure, whichever occurs first. In either event, Plaintiff would be entitled to [the] full measure of provable damages.
 "The Motion for Partial Summary Judgment by all Defendants is therefore due to be and is hereby overruled."
Pursuant to Rule 5, A.R.A.P., this Court granted the defendants' petition for permission to appeal from the above interlocutory order.
With all due deference to the learned trial judge's belief that the sound reasoning of Cazalas, supra, should apply to all continuous exposure cases and his concomitant concern for consistency within the law, the motions for partial summary judgment were due to be granted in this case. There is no basis for applying the damages rule expressed in Cazalas to anynon-asbestos continuous exposure case. In that case, this Court interpreted the express language of Act No. 80-566, made applicable by the legislature only to "injuries or deaths caused by exposure to asbestos," and we held as follows:
 "Under the new statute, the plaintiff is entitled to recover all damages which proximately flowed from his injury if his action is brought within the statutory period of limitations, notwithstanding Commercial Union Assurance Co. v. Zurich American Ins. Co., 471 F. Supp. 1011, 1015 (S.D.Ala. 1979); Garrett v. Raytheon Co., 368 So.2d 516, 521 (Ala. 1979); American Mutual Liability Ins. Co. v. Agricola Furnace Co., 236 Ala. 535, 538, 183 So. 677, 679
(1938). With reference to the question of the damages where the claim is filed within the limitations period set out in 80-566, the statute specifically allows such damages, stating:
 "`It is the intent of the Legislature that all Alabama citizens suffering the effects of any long-term disease process covered by this Bill should not be prevented by any statute of limitations from recovering the full measure of damages proximately caused by a third party tortfeasor which are allowable under any civil theory of liability, provided action is brought within the statutory period of limitation from the date of accrual.'
 "See Tyson v. Johns-Manville Sales Corp., 399 So.2d 263, 266-67 n. 1 (Ala. 1981) (reciting the text of the statute).
". . .
 ". . . Based on the stated intention of the framers of the act to allow plaintiffs who are able to state a cause of action to recover a `full measure of damages,' we rule that the plaintiffs should not be limited to a recovery for injuries occurring after May 19, 1979, but should be allowed to recover for all injuries proximately caused by exposure to asbestos." (Emphasis in original.) 435 So.2d at 57-58.
In an earlier case interpreting Act No. 80-566, Tyson v.Johns-Manville Sales Corp., 399 So.2d 263, at 272, this Court recognized that Act 80-566 pertains only to asbestos-related injuries or deaths and to no other continuous exposure cases: *Page 908 
 "Although Act No. 80-566 does benefit persons injured by exposure to asbestos as opposed to those injured by other latent and insidious agents, the legislature's approach is supportable under precedent. The Supreme Court has made it clear that the legislature need not `strike at all evils at the same time or in the same way,' Minnesota v. Clover Leaf Creamery Co., [449 U.S. 456, at 466,] 101 S.Ct. [715] at 725, [66 L.Ed.2d 659, at 670 [1981)] citing Semler v. Oregon State Board of Dental Examiners, 294 U.S. 608, 610, 55 S.Ct. 570, 571, 79 L.Ed. 1086
(1935). It is legitimate for the legislature to proceed `one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind.' [Citations omitted.] As the solution of the instant problem is a legitimate legislative objective and the classification used to achieve that objective is a reasonable one, the legislature here is not exceeding its constitutional prerogative in addressing asbestos injury alone in Act No. 80-566." [Emphasis added.)
Thus, the longstanding damages rule followed in Garrett v.Raytheon Co., supra, is applicable in this byssinosis case. InGarrett, 368 So.2d at 521, a majority of this court followed specifically Garren v. Commercial Union Ins. Co., 340 So.2d 764
(Ala. 1976), and American Mutual Liability Ins. Co. v. AgricolaFurnace Co., 236 Ala. 535, 183 So. 677 (1938), in rejecting the applicability of the "discovery rule" (and, by implication, a "full measure of damages" rule) in a radiation exposure case.Accord, Cloud v. Olin Corp., 552 F. Supp. 528 (N.D.Ala. 1982).
The case of Garren v. Commercial Union Ins. Co., supra, is strikingly similar to the case at bar: the plaintiff suffered from byssinosis caused by employment-related inhalation of cotton fibers and she had been exposed to cotton fibers only one day within the one-year period prior to filing her negligence action. This Court held that the plaintiff could "proceed with her claim for damages accruing within the one-year period of limitations — during one day." 340 So.2d at 766. Furthermore, in American Mutual Liability Ins. Co. v.Agricola Furnace Co., supra, another employment-related case involving continuous inhalation of particles causing silicosis and tuberculosis, the Court held:
 "But an occupational disease is not an accident even in its broad sense. The policies cover accidents which occur within the period of their respective term. A tort is often an accident, as when injury results from negligent conduct, and it may be of a continuous sort, and, if so, a recovery may be had for all damages which occurred within the period of limitations, 37 Corpus Juris 897, and by successive actions. Louisville Nashville R. Co. v. Higginbotham, 153 Ala. 334, 44 So. 872.
 "When an act is continuous and all the time tortious and wrongful, it should not be exempted from such classification as an accident because it extends for a long period of time, however difficult it may be to separate the amount of damage done within the period of the statute of limitations from that occurring in the period preceding." (Emphasis added.) 236 Ala. at 538, 183 So. at 679.
We are constrained to follow the clear holdings of these cases involving the damages recoverable where there has been continuous exposure to materials other than asbestos. Clearly, in this context, the problem of uniformity in the law is one for the legislature.
For the foregoing reasons, the defendants were entitled to an order limiting plaintiff's potential recovery to damages occurring within the year next preceding the filing of this action. Therefore, the order below is reversed and the cause remanded for entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and MADDOX, ALMON, SHORES, ADAMS and HOUSTON, JJ., concur.
JONES, J., concurs in the result. *Page 909