Before addressing the ultimate problem here presented, I deem it appropriate to comment upon the trial judge's noble effort to alleviate the harshness of the common law rule that restricts this Plaintiff's right of recovery to the "one day." Although his motive is "on the side of the angels," his reasoning — separating the "limitations" rule from the rule of damages — is nonetheless flawed. This reasoning fails to appreciate the significance of the language "[the determination of the period for which damages may be recovered] is a function of the statute of limitations." Cazalas v. Johns-Manville SalesCorp., 435 So.2d 55, 57 (Ala. 1983). For each day the completed
tort (which necessarily includes injury) falls outside the period of limitations, the right of recovery for that day's injury is barred. Or, stated affirmatively, Plaintiff can recover damages only for those injuries incurred within the period of limitations. If the applicable statute is one year, Plaintiff's right to recover damages is confined to the injuries incurred within one year next preceding the date of the filing of the claim.
We cannot escape this operative effect of the statute of limitations, as it has been consistently interpreted and applied through the ages. Yet, because of its obvious injustice when the common law rule is universally applied, I fully appreciate the trial judge's attempt to reach a contrary result; and, in the appropriate case, I will urge the Court to modify the common law continuing-tort rule respecting the measure of damages applicable to insidious occupational diseases. Indeed, this "damages incurred within the statutory period of limitations" rule predates the law's recognition of insidious diseases as compensable injuries. By definition, at early common law, an occupational disease was an injury inherent in the workplace, and it was thus noncompensable because it could not be avoided by the employer's exercise of due care. See Minyard v. Woodward Iron Co., 81 F. Supp. 414
(N.D.Ala. 1948). Where the continuing tort inflicts injuries that are distinct and severable and that can be readily identified with defendant's wrongful conduct on a day-to-day basis, the common law rule that confines plaintiff's recovery to the time frame within the period of limitations[1] works quite well. But, in the case of an insidious disease, where its nature and extent are unknown until some subsequent manifestation, any reasonable application of the rule becomes virtually impossible. And this is true because the term "insidious" (working evil secretly, not openly and suddenly) describes not only the Plaintiff's disease but the Defendant's wrongful conduct that causes the disease as well.
This problem was recognized and dealt with by the legislature in its adoption of Article 5 of the Workmen's Compensation Act (dealing with the insidious lung disease known as pneumoconiosis):
 "The date of the injury shall mean, for all purposes of this article, the date of the last exposure to the hazards of the disease in the employment of the employer in whose employment the employee was last exposed, within a period of five years prior to the date of the injury, to the hazards of the disease in each of at least 12 months." Code 1975, § 25-5-147.
This statutory provision formulates a two-fold standard: 1) Defendant's liability attaches only upon plaintiff's minimum exposure of one year (in each of at least 12 months during the last five years[2]); and 2) if this minimum exposure period is met, *Page 910 
plaintiff is entitled to the "full recovery of damages" rule. That this test, supported by both logic and experience, accommodates phenomena peculiar to insidious diseases is made clear by its conspicuous omission from other articles of the Workmen's Compensation Act, including Article 7 relating to occupational diseases in general.
Although this case is not governed by the Workmen's Compensation Act, the application of this statutory formula has equal validity to the same insidious lung disease claim in a non-workmen's compensation context; and I would urge its adoption as an exception to the outmoded common law rule.
Plaintiff in this case, however, does not come within the ambit of this proposed exception. She was exposed to the cotton lint hazard only in each of four months within a period of five years prior to her "injury" — three months in 1977 and one month in 1982. Thus, when applied to the instant facts, the exception would bar Plaintiff's right of recovery even for the one day; and I would so hold. Nevertheless, I concur in the result because Plaintiff's right to recover for one day's injury is not here contested.
[1] The recent legislation providing the current two-year period of limitations alleviates, at least to some degree, the harshness of the common law's nonrecognition of the discovery rule. See Act 85-39, Acts of Ala. Second Spec. Session 1984-85.
[2] It should be noted that this is a liberal requisite from the viewpoint of the Plaintiff, because ordinarily an insidious occupational lung disease cannot be contracted within a period of exposure shorter than one year. Plaintiff's diagnosis in the instant case occurred shortly after the completion of her fourth year of employment.