This is an appeal from a summary judgment granted in favor of defendant Liberty Mutual Insurance Company.
Appellants, Lucille Barnes and Annie Mae Welch, were textile workers employed by West Point-Pepperell, Inc., at its Opelika Plant from 1935 to 1974 and 1935 to 1971, respectively. Liberty Mutual Insurance Company was the workmen's compensation carrier for Pepperell Manufacturing Company (West Point-Pepperell's predecessor) from January 1, 1960, until January 1, 1967. Both plaintiffs claim that in 1980 they discovered that they had contracted byssinosis, a disabling lung disease associated with employment in the textile industry and allegedly caused by exposure to hazardous levels or concentrations of cotton dust.
Originally, Barnes and Welch were members of a class of plaintiffs in Wilkins v. Lanier, Case No. 79-294, Circuit Court of Lee County, Alabama. In October 1981, the trial court denied class certification. In January 1982, Barnes and Welch brought individual actions, which were later consolidated, against Liberty Mutual and 23 individual defendants, alleging, interalia, fraudulent concealment, misrepresentation, suppression, deceit, and negligent failure to warn. Specifically, Barnes and Welch alleged that during the six years of coverage, Liberty Mutual actively suppressed data and information regarding the health hazards involved in textile work, interfered with independent scientific investigation into such potential health problems, and conspired with others to fraudulently conceal the dangers of cotton dust exposure.
In July 1983, a settlement was reached with all defendants except Liberty Mutual. Thereafter, Liberty Mutual moved for and was granted summary judgment.
In its order, the court concluded:
 "The Court has carefully reviewed the record and evidence before it and does not find a scintilla of evidence that Liberty Mutual, individually or collectively with others, was engaged in any scheme to fraudulently conceal or suppress facts from the plaintiffs that they could contract byssinosis if they continued to be employed at West Point Pepperell.
 "The Court therefore finds that there is no genuine issue of fact of fraudulent concealment and that the claims against the Defendant, Liberty Mutual are therefore barred by the statute of limitations as a matter of law."
Barnes and Welch appeal, claiming that summary judgment was improperly granted because there was a genuine issue of material fact regarding fraudulent concealment. *Page 126 
In Wilkins v. West Point-Pepperell, Inc., 397 So.2d 115, 119
(Ala. 1981), this Court held that while an employee may bring a claim against a co-employee in an occupational disease case, the plaintiff has an "awesome burden of proof." Based upon traditional tort standards, the plaintiff must prove that the co-employee defendant had a legal duty, coupled with some degree of personal expertise, and adequate facilities available to render plaintiff's work environment reasonably safe to avoid the contraction or aggravation of his resultant injuries.Wilkins, at 119. A similar burden applies in an occupational disease case against a workmen's compensation insurance carrier.
In Fireman's Fund American Insurance Co. v. Coleman,394 So.2d 334 (Ala. 1980), we noted that a workmen's compensation carrier had no common law duty to provide a safe place and working conditions for the employees of its insured, unless and until it voluntarily undertook to inspect the premises pursuant to a mutual agreement between the insurer and the insured employer. Justice Jones, in his concurring opinion in Fireman'sFund, set forth an expanded discussion on the issue of a carrier's legal duty, as follows:
 "Whether a carrier has any duty concerning the safety of the work place depends upon the individual circumstances in each case. One must look to duties assumed by contract and duties assumed voluntarily. Where the duty is contractual, the scope of such duty is usually defined by the terms of the contract and the subsequent conduct of the parties thereto. It is the voluntary undertaking where the parameters of the duty must be established through close scrutiny of the circumstances. . . ."
Fireman's Fund, supra, 394 So.2d at 349.
It is the employer who owes the duty to provide its employees a safe place to work. In this case there was no evidence to indicate that Liberty Mutual ever voluntarily assumed that duty. The evidence indicates that Liberty Mutual never undertook to make inspections at the West Point-Pepperell plant, and was not under a contractual obligation to do so.
The mere fact that Liberty Mutual may have had some knowledge of the potential health hazards associated with cotton dust exposure does not, without more, impose a legal duty upon it as the insurance carrier to disclose such knowledge to its insured's employees. Absent any legal duty, mere silence does not support a claim for fraudulent concealment. Likewise, the fact that Liberty Mutual was a member of a trade organization that allegedly encouraged its members to block scientific investigation into byssinosis does not give rise to any inference of a conspiracy or liability for failure to warn of potential health hazards.
Additionally, we agree that plaintiffs' actions are barred by the statute of limitations. In Cazalas v. Johns-Manville SalesCorp., 435 So.2d 55 (Ala. 1983), this Court held that "a mere failure or refusal to warn, without more, while actionable, does not rise to the level of fraudulent concealment, and, hence, does not toll the running of the statute." Id. at 58.
Accordingly, we affirm the summary judgment.
AFFIRMED.
ALMON, SHORES, EMBRY and ADAMS, JJ., concur.