**Shannon LEONARD and Theresa Moore, Plaintiffs,**

v.

**ENTERPRISE- RENT A CAR CO., et. al., Defendants.**

**Civil Action No. 97–S–1497–N.**

United States District Court, M.D. Alabama, Northern Division.

March 8, 1999.

Kenneth Ingram, Jr., Larry Wade Morris, Morris, Haynes, Ingram & Hornsby, Alexander City, AL, Timothy J. Crowley, Richard E. Norman, Crowley & Douglas, LLP, Houston, TX, Joe R. Whatley, Jr., Peter Harrington Burke, Whatley Drake, L.L.C., Birmingham, AL, Michael A. Kahn, Gregory D. Call, James Goldberg, Beatrice B. Nguyen, Folger, Levin & Kahn, San Francisco, CA, for Shannon Leonard, Theresa Moore.

Kenneth Ingram, Jr., Larry Wade Morris, Morris, Haynes, Ingram & Hornsby, Alexander City, AL, Timothy J. Crowley, Richard E. Norman, Crowley & Douglas, LLP, Houston, TX, Joe R. Whatley, Jr.,

Peter Harrington Burke, Whatley Drake, L.L.C., Birmingham, AL, for Coley Whetstone, Jr.

Charles A. Stewart, III, Sirote & Permutt, P.C., Montgomery, AL, C.Lee Reeves, E. Barry Johnson, Sirote & Permutt, Birmingham, AL, Charles A. Newman, Amy J. Thompson, Thomas P. Germeroth, Leonardo J. Asaro, Bryan Cave, LLP, St. Louis, MO, for Enterprise Rent A Car.

D. Frank Davis, E. Clayton Lowe, Jr., Gerald P. Gillespy, Joseph W. Letzer, Burr & Forman, Birmingham, AL, for National Car Rental.

J. Michael Cooper, Fitzpatrick, Cooper & Clark, Birmingham, AL, for Birmingham Rent A Car, Inc.

Fournier J. Gale, III, Jarred O. Taylor, II, Lorrie L Hargrove, Maynard, Cooper & Gale, P.C., Birmingham, AL, Edward A. Hosp, State of Alabama Governor's Office, Montgomery, AL, for the Hertz Corp.

Eddie Leitman, Lynne Stephens O'Neal, Leitman, Siegal & Payne, Birmingham, AL, for Budget Rent A Car Systems, Inc.

Warren C. Herlong, Jr., Joseph D. Steadman, Helmsing, Sims & Leach, PC, Mobile, AL, for Avis Rent A Car Systems, Inc.

John E. Goodman, Matthew H. Lembke, Bradley, Arant, Rose & White, Birmingham, AL, for Dollar Rent A Car Systems, Inc.

Jere F. White, Jr., Robin H. Graves, Lightfoot, Franklin & White, L.L.C., Birmingham, AL, for Thrifty Car Rental.

## ORDER

COODY, United States Magistrate Judge.

### A. Introduction

This action is pending before the court on Defendant National Car Rental Systems Inc.'s Motion to Dismiss Count Three of the Plaintiff's First Amended Complaint (Doc. # 44) and Defendant Hertz Corporation's and Budget Rent–A–Car Systems, Inc.'s Motions to Dismiss Count Three of Plaintiff's First Amended Complaint. (Doc.è52,48). Defendants Enterprise Rent–A–Car Company, Avis Rent–A–Car System, Inc., Thrifty Rent–A–Car System, Inc., and Dollar Rent–A–Car System, Inc. have filed a joinder in National's motion to dismiss. The court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

After careful consideration of the motions, the court concludes that the motions to dismiss Count Three are due to be granted and that plaintiffs' conspiracy claim is due to be dismissed. Specifically, the court concludes (1) there is no viable underlying cause of action which will support a conspiracy claim and (2) the plaintiffs fail to allege the existence of an unlawful combination or agreement among defendants with the required specificity.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir.1986) ("[We may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that could entitle him or her to relief.]") The court is to accept as true all well-pleaded factual allegations and will view them in a light most favorable to the non-moving party. *Hishon*, 467 U.S. at 73, 104 S.Ct. 2229.

### B. Discussion

### I. UNDERLYING CAUSE OF ACTION

A conspiracy claim may not survive unless "a viable underlying cause of action" exists. *Drill Parts & Serv. Co. v. Joy Mfg. Co.*, 619 So.2d 1280, 1290 (Ala. 1993). The plaintiffs argue that the claim underlying their conspiracy theory is that defendants made contracts for insurance

contrary to state law because (a) they were not authorized to sell insurance and (b) the contracts contained conditions and rates that are unconscionable.[1] Although not specifically alleged in the complaint, as amended, the plaintiffs argue that defendants violated various provisions of the Alabama Insurance Code, *Ala.Code* § 27–1–2 *et. seq.* After hearing oral argument by the parties, the court requested additional briefs on the issue of whether a private right of action for violation of the Alabama Insurance Code exists against the defendants.

■ A federal court may not read a private cause of action into a state statute absent "clear and specific evidence" that the Legislature intended to authorize such a cause of action. *Farlow v. Union Central Life Insurance Co.*, 874 F.2d 791, 795 (11th Cir.1989).[2] The plaintiffs agree that this is a correct statement of the law, but argue that a private right of action need not exist under the Alabama Insurance Code in order for them to bring this lawsuit. Instead, the plaintiffs argue that the issue is appropriately framed as "May the plaintiffs bring a civil claim seeking common law remedies against the defendants for conduct which constitutes a criminal violation of the insurance code?"[3]

The plaintiffs argue "in order to bring this lawsuit, all that is required is that defendants' violation of the code constitute a criminal act—which it does—and that plaintiffs have been damaged by that act."

As support for this argument, Plaintiffs rely upon *Hardie–Tynes Manufacturing Co. v. Cruse*, 189 Ala. 66, 66 So. 657 (1914) which holds that "every criminal act which injures the person or property of another is also a civil tort, redressable by the courts." The plaintiffs, however, ignore the Alabama Supreme Court's later ruling in *Martinson v. Cagle*, 454 So.2d 1383 (Ala.1984) which rejected the notion that a criminal violation plus a resulting injury to the plaintiff equals a cause of action. The *Martinson* court held

> [w]ith regard to the four counts seeking civil liability for the criminal acts allegedly committed by Mike and Brad, [plaintiffs] rely upon an early case in which this Court said that "every criminal act which injures the person or property of another is also a civil tort, redressable by the courts." *Hardie–Tynes Manufacturing Co. v. Cruse*, 189 Ala. 66, 78 66 So. 657, 661 (1914). The rule can be more properly stated as follows: Even though an act may constitute a crime, if it also results in injury to the person or property of another, the act may still be the basis of a civil action for damages. *However, civil liability will ensue only if the acts complained of violate the legal rights of the plaintiff, constitute a breach of duty owed to the plaintiff, or constitute some cause of action for which relief may be granted.*

Id. at 1385 (emphasis added). *See, also, Smitherman v. McCafferty*, 622 So.2d 322,

---

**1.** The defendants dispute the merits of plaintiffs' complaint. However, for purposes of resolving the motion to dismiss the conspiracy claim the court accepts the facts pleaded in the complaint as true.

**2.** The court has located no Alabama case law recognizing a private right of action under the Alabama Insurance Code. Indeed, Alabama law demonstrates a reluctance to recognize a private cause of action under a statute that does not explicitly provide for such a cause of action. *See Thomas Learning Center v. McGuirk*, 1998 WL 854839 (Ala.Civ.App. Dec.11, 1998) (No private right of action for negligence is created under *Ala.Code* §§ 34–8–6 and 34–8–9 even though violation of the

statutes constituted a criminal violation.); *Thompson v. Mindis Metals, Inc.*, 692 So.2d 805 (Ala.1997) (There is no private right of action under CERCLA, 42 U.S.C. § 9601 *et. seq.* where neither Congress nor the Alabama Legislature provided for a private right of action under CERCLA.); *C.B. v. Bobo*, 659 So.2d 98 (Ala.1995) (No private right of action exists under Alabama's Child Abuse Reporting Act, *Ala.Code* § 26–14–1 *et. seq.* because "there is no indication of any legislative intent to impose civil liability for failure to report.")

**3.** Section 27–1–12 provides that "[e]ach willful violation of this title ... shall ... be punishable as a misdemeanor, upon conviction".

325 (Ala.1993); *Lollar v. Poe,* 622 So.2d 902, 904 (Ala.1993).

■ Even under this formulation of the issue, the court concludes that plaintiffs have failed to demonstrate that defendants' alleged violations of the Alabama Insurance Code "violate the legal rights of the plaintiff, constitute a breach of duty owed to the plaintiff, or constitute some cause of action for which relief may be granted." *Martinson, supra.* In other words, the plaintiffs have failed to demonstrate that a private right of action exists under the Alabama Insurance Code because there is no evidence, much less "clear and specific evidence", that the Alabama Legislature intended to create a private right of action for selling insurance without a license in violation of *Ala.Code* § 27–3–27 (1975) or for offering unconscionable rates and conditions. *Farlow, supra.* Thus, the court concludes that plaintiff's conspiracy claim fails because there is no underlying claim.[4] Accordingly, the defendants' motions to dismiss the conspiracy claim are due to be granted. *See Hishon,* 467 U.S. at 73, 104 S.Ct. 2229.

## II. EXISTENCE OF AN AGREEMENT

■ Under Alabama law the tort of conspiracy consists of the following elements: the combination of two or more persons to do (a) something that is unlawful, oppressive, or immoral; or (b) something that is not unlawful, oppressive, or immoral, by unlawful, oppressive, or immoral means; or (c) something that is unlawful, oppressive, or immoral, by unlawful, oppressive, or immoral means. *Lawler Mobile Homes, Inc. v. Tarver,* 492 So.2d 297, 305 (Ala.1986). There is some question, however, as to whether under Alabama law a "combination of two or more persons" requires an "agreement, a meeting of the minds" or whether mere cooperation is sufficient. *Compare, id.;*

*First Bank of Childersburg v. Florey,* 676 So.2d 324, 327 (Ala.Civ.App.1996). Regardless of whether an agreement is required or mere cooperation is sufficient under Alabama law, the court concludes that the plaintiff's have not alleged facts supporting the conspiracy with the requisite specificity to survive the motions to dismiss. *See Fullman v. Graddick,* 739 F.2d 553 (11th Cir.1984) (To avoid dismissal for failure to state a claim, a conspiracy claim must be pled with specificity.)

In their amended complaint the plaintiffs allege that a conspiracy exists among the defendants in this action because the "Big Three Auto Manufacturers," who are not defendants in this action but previously owned some rental car companies, are members of the American Automobile Manufacturers Association ("AAMA"), a trade organization which was used by the Big Three as a "means of conveying information among each other regarding the sale of illegal insurance." (Amended Complaint at ¶ 14). The plaintiffs also allege two other trade associations, American Car Rental Association ("ACRA") and Association of Car and Truck Rental Independents and Franchisees ("ACTIF"), "have a very close working relationship with their rental company members as well as the Big Three" in that the presidents of these associations often hold high positions within the defendant rental car companies. (Amended Complaint at ¶ 16). The plaintiffs allege that these associations "served as a conduit for the dissemination of information to the industry" and "have provided their members information regarding the sale of the illegal insurance." (Amended Complaint at ¶ 15). The court concludes that these allegations fail to allege an unlawful combination, an agreement or unlawful cooperation among defendants. *See Barnes v. Liberty Mut. Ins. Co.,* 468 So.2d 124, 126 (1985) (common membership in a trade association is not

---

4. Although resolution of this issue might be a basis for dismissal of the entire action, the court is limited to consideration of its effect on the conspiracy claim because that is the sole claim on which the defendants move for dismissal.

evidence of a conspiracy); *see also, Greater Rockford Energy and Tech. Corp. v. Shell Oil,* 998 F.2d 391, 396–97 (7th Cir. 1993).

Trade Associations exist to serve a number of purposes including, as the plaintiffs allege, the dissemination of information to their members. Indeed, ACRA has a public relations committee whose mission is "[t]o produce and promote quality material and information on car rental for the benefit of the industry as a whole". *See* http://www.acra.org/. Likewise, ACTIF describes the services it provides as "[i]nforming members of developments in the law, particularly state and local laws affecting the rental industry; informing members about rental industry developments that could affect their businesses; educating members on ways to improve their businesses." *See* http://www.actif.org/. Since the Alabama Supreme Court has held that membership in a trade association is not by definition evidence of a conspiracy, *see Barnes, id.,* it follows that the act of disseminating information standing alone is not evidence of an unlawful combination or agreement among defendants. Thus, the court concludes that Count III of plaintiff's complaint, as amended, is due to be dismissed for failure to state a claim. *See Fullman,* 739 F.2d 553.

Accordingly, it is

ORDERED that defendants' motions to dismiss the conspiracy claim (Docs 44, 48, and 52) be and are hereby GRANTED and that the plaintiffs' claim for conspiracy be and is hereby DISMISSED with prejudice.